## Hovey vs. Hovey and others.

The complainant's solicitor is not entitled to have taxed, against the adverse party, the expense of ascertaining the residences of the defendants, as a necessary disbursement of the solicitor in the cause.

The only disbursements which are properly taxable against the adverse party, under the provision in the fee bill on that subject, are disbursements by the solicitor for postage; for exemplifications to be used in the suit; for necessary searches in the public offices; for the publication of notices, when required by law or the practice of the court; and other disbursements of the like nature.

It is no part of the duty of the solicitor, as such, to be at the expense of ascertaining the residences of the parties, or any other facts of that nature, for the purpose of enabling him to commence and prosecute the suit. And if the client employs his solicitor to ascertain such facts for him, it is a proper allowance on taxation between solicitor and client, but not as between party and party.

THIS was an appeal from the decision of the vice chancel- March 15, lor of the fourth circuit, upon an application to him to review the taxation of one of the taxing masters. The bill was filed to foreclose a mortgage. The complainant resided in the state of Vermont; and it became necessary to make several heirs at law of the mortgagor residing in this state, but whose places of residence were unknown to the solicitor, parties to the suit. The solicitor therefore employed an agent, who lived in the part of the state where those defendants were supposed to reside, to ascertain their residences, and to serve the subpœnas upon them when found. The agent charged $2 a day, for his time and the expenses of himself and horse, while he was thus employed. And the solicitor claimed to be allowed the amount thus paid to the agent, in addition to the usual allowance for serving subpœnas; to be taxed as a part of the necessary disbursements in the suit. The taxing master decided that the allowance fixed by the fee bill for the service of a subpœna, was all that could be taxed as against the adverse parties; and that decision was confirmed by the vice chancellor, upon an application for a retaxation of the costs.

*J. Ellsworth,* for the complainant.

*D. Cady,* for the defendant, S. Hovey.

THE CHANCELLOR. This court has already decided that no extra allowance, as a necessary disbursement, can be made to the solicitor, or to any other officer of this court, upon taxation, for any service performed by such officer or any other person, where a specific allowance is made in the fee bill for such service. (2 *Paige's Rep.* 354, 471.) The solicitor in this case does not, therefore, claim an extra allowance for the expense of serving the subpœna on the defendants ; but he supposes he is entitled to an allowance for the necessary expenses and services of his agent, in travelling several days for the purpose of ascertaining the residences of the defendants. He is right in supposing that the performance of such a service is not embraced within the specific allowance of 75 cents *for serving a subpœna to appear and answer.* But it is not such a disbursement of the solicitor, in the suit, as is taxable against the adverse party, under the provisions in the fee bill allowing the actual disbursements of the solicitor, necessarily incurred by him in the progress of the cause, to be taxed. (2 *R. S.* 634.) It is no part of the duty of the solicitor, as such, to be at the expense of ascertaining the residences of the parties, or any other facts of that nature, for the purpose of enabling him to commence and prosecute the suit. The client should perform that duty, and give the necessary information to the solicitor. And, if he employs his solicitor to do it for him, the disbursements necessarily incurred by the solicitor in obtaining such information, may be allowed on taxation as between the solicitor and his client ; but they cannot be taxed, or allowed, as against the adverse party in the suit.

The provision of the revised statutes as to the allowance of disbursements to solicitors in chancery, and attornies in the supreme court, on the taxation of their costs, (2 *R. S.* 634, § 20,) was taken from the solicitors' fee bill of 1813 ; where it was intended to apply only to postages paid by the solicitor in the progress of the cause, or other disbursements of the like nature, which the solicitor himself was bound to pay in the

first instance. (*See 2 R. L.* 13.) And the revisers, in extending this provision to disbursements in the supreme court, say it is extended and guarded, so as to include disbursements for necessary exemplifications, &c. according to the decision of the supreme court in *Jackson* v. *Root,* (18 *John. Rep.* 336.) It is evident, therefore, that this provision of the fee bill cannot be construed to embrace a charge like that which is claimed in this case. There are many cases of disbursements by an attorney, or solicitor, for the benefit of his client, which are not taxable against the adverse party as costs in the cause, but which form a proper subject of allowance to the attorney or solicitor as against his own client; and this appears to be a disbursement of that description. The only disbursements which are properly taxable against the adverse party, under this provision in the fee bill, are disbursements by the attorney or solictor for postage, for exemplifications to be used in the suit, for necessary searches in the public offices, and for the publication of notices, where they are required by law or by the practice of the court, and other disbursements of the like nature.

The taxing officer, and the vice chancellor, were therefore right in refusing to allow the disbursement claimed in this cause, for the necessary expense of ascertaining the residences of the defendants; and the decision which is appealed from must be affirmed.