# SUPREME COURT.

## Zenas F. Case agt. Roderick Price and others.

In a *mortgage foreclosure* case, the plaintiff is entitled to make all persons parties defendants who have apparent liens upon the mortgaged premises, or are subsequent grantees or mortgagees of any part or parcel thereof. But he should be careful to see that the subsequent deeds or mortgages executed by the mortgagor, and shown in the certificate of the county clerk, convey or cover some part of the mortgaged premises.

The $2 for each additional defendant (now not exceeding ten) should only be allowed for defendants necessarily made parties to the suit, and no person can be a necessary or proper party who is not a subsequent grantee of the mortgaged premises, or some part thereof, or has some lien by judgment, decree or mortgage thereon. And it is not too late to raise this objection on the *adjustment of costs.*

If a deed of premises is made absolutely to trustees, without qualification, trust or restriction, the title is in the trustees, and they are individually necessary and proper parties in a foreclosure case, where the premises are subject to the lien of the mortgage; but where it appears from the face of the deed that it is made in trust or for the use of a corporation, no estate, legal or equitable, vests in the trustees, but in the corporation, and the *trustees* are unnecessary parties.

Where, in a case like this, the law allows a specific fee to a sheriff, if the attorney employs a constable, or some private person, to perform the service, it is proper, within the limits of sheriffs' fees, to allow as a *disbursement* the sum actually paid for serving the summons and complaint, and notice of the object of the suit. But the affidavit showing the disbursement should also show the reasonableness of the charge, and that it is a fair, just and proper compensation for the time employed, and the distance travelled in making such service. But the claim for such services, as a matter of right, to the full amount of sheriffs' fees, as a *disbursement* paid to any person rendering the service, is inadmissible.

It has been held at general term, and such is the practice in the seventh district, that witnesses' fees are not recoverable by *parties* who are examined as witnesses for themselves in the cause.

The sheriff is entitled to a fee of fifty cents for every cause noticed for trial at a circuit, and placed on the calendar for trial.

*Monroe Special Term, April,* 1859.

APPEAL from clerk of Wayne county, upon an adjustment of costs in an action of foreclosure.

Case agt. Price.

S. MATHEWS, *for motion.*
S. K. WILLIAMS, *for plaintiffs.*

E. DARWIN SMITH, Justice. The first objection made before the taxing officer was, to the item of $82, for 41 additional defendants, upon the ground that such defendants were not necessarily made parties. The defendant's counsel presented to the clerk the affidavit of the defendant, stating that the only defendants who had any interest in the mortgaged premises, as subsequent purchasers or incumbrancers, were the Wayne County Collegiate Institute, a corporation incorporated by the regents of the university, to whom defendant had conveyed, as a site for an academy, a part of the mortgaged premises, and Robert B. Sutton, who holds a subsequent mortgage, and John Haight, who had recovered a judgment against him. The plaintiff's attorney presented his affidavit, in which he stated that, from the best information derived from the clerk by his official search, and according to his best information and belief, no persons were inserted or made defendants, except those who were necessary and proper parties, and that the number of such defendants was settled from said search, compared with a map of the village of Arcadia. This affidavit is hardly sufficient to justify the making of some 28 persons parties, who had no liens upon or were non-incumbrancers upon the mortgaged premises. In such cases, the plaintiff's attorney is entitled to make all persons parties defendants, who have apparent liens upon the mortgaged premises, or are subsequent grantees or mortgagees of any part or parcel thereof. But he should carefully see that the subsequent deeds or mortgages, executed by the mortgagor and shown in the certificate of the county clerk, convey or cover some part of the mortgaged premises.

If the defendant's affidavit is to be believed, none of the 41 additional defendants, except the three above named, have any lien upon the mortgaged premises, unless the first trustees of the Wayne County Collegiate Institute were necessary or proper parties. The $2 for each additional defendant, besides the

mortgagor, in foreclosure suits, should only be allowed for defendants necessarily made parties to the suit, and no person can be a necessary or proper party who is not a subsequent grantee of the mortgaged premises or some part thereof, or has some lien, by judgment, decree or mortgage, thereon. And it is not too late to raise this objection on the adjustment of the costs. The plaintiff's counsel is mistaken in the view, that the objection that unnecessary persons are made parties is waived, unless it is made by demurrer, so far as relates to this question of costs.

It also appears from the affidavit of the plaintiff's attorney, that the above mentioned conveyance, which the defendant Pierce states was made to the Wayne County Collegiate Institute, was in fact made to the "first trustees of the Wayne County Collegiate Institute," which the plaintiff's attorney claims entitled him to make the first trustees parties individually, and that upon this ground fifteen persons were made defendants. If the conveyance was thus made after the incorporation of the Wayne County Collegiate Institute, or in contemplation of such incorporation, and it was expressly stated upon the face of the deed that the conveyance was in trust or for the use of the corporation, as a site for an academy, no estate, legal or equitable, vested in the trustees, the legal estate therein being in the corporation (2 *Rev. Stat. chapter* 1, *part* 2, " *of uses and trusts*," § 47 *and* 49), and the trustees were unnecessary parties. But if no use or trust is declared in the deed, and the conveyance was absolutely to the trustees as mere *descriptio personarum* of the grantees, without qualification, trust or restriction, the title then was in the trustees, and the first trustees were necessary and proper parties. Upon the papers before me, I cannot determine how the fact upon this point is, and shall leave the parties to make further proof before the clerk, upon the readjustment of the costs.

The next objection is to the item of $65, for service of summons on forty-two defendants. The affidavit of the plaintiff's attorney, in respect to this item, states that " the expenses for service on the said defendants were necessarily incurred, ac-

cording to the registry kept by deponent, and according to his best knowledge and belief." It is not claimed that this amount was paid for sheriffs' fees, or that the service was rendered by any sheriff or sheriff's officers. The charge is claimed on the ground of a *disbursement* made to some private person in the employment of the plaintiff's attorney, and the claim, as I understood it on the argument, was, that a party is entitled, on the adjustment of his costs, to claim for such services the full amount of sheriff's fees as a *disbursement* paid to any person rendering the service. This claim I think entirely inadmissible and unfounded.

The statute has given to sheriffs certain legal fees. These they are entitled to claim and charge in bills of costs, for such disbursements are proper. But no private person can claim sheriffs' fees, and if the services which sheriffs may perform are performed by private persons, nothing more can properly be charged or allowed in the bill of costs than a reasonable compensation for the services rendered. Nothing can be allowed for *constructive* travelling or other services, in such cases. Section 311 of the Code provides, that " the clerk shall insert in the entry of judgment, &c., the sum of charges provided, and the necessary disbursements including the fees of officers allowed by law. The disbursements shall be stated in detail and verified by affidavit." This section, before the amendment of 1857, was the same in substance with 31 (20), of chapter 10, part 3 of the Revised Statutes, page 634. This provision was primarily intended (and was so limited by the courts before the Code) to cover the actual disbursements of attorneys in the progress of suits, such as postages, express charges, exemplification of papers and other similar expenses, incurred by attorneys in the necessary conduct of a case.

Section 311, as amended in 1857, is more comprehensive, and should, I think, be construed more liberally than section 31 aforesaid of the Revised Statutes formerly was, yet it should not be extended beyond such disbursements as are incident to the due and regular proceedings in the action. It was not intended to cover the ordinary disbursements of the *parties* to

suits. I agree with Judge CLERKE, in 13 *Howard*, 13, that, under the section before the amendment of 1857, the expenses of executing a commission in a foreign state, so far as the charges paid to the commissioners are concerned, should be allowed, and do not see why witnesses' fees for attending before such commissioners should not also be allowed. And in a case like this, when the law allows a specific fee to the sheriff, if the attorney employs a constable or some private person to perform the service, I think it proper, within the limits of sheriff's fees, to allow as a *disbursement* the sum actually paid for serving the summons and complaint, and notice of the object of the suit.

But the affidavit showing the disbursement should also show the reasonableness of the charge, and that it is a fair, just and proper compensation for the time employed and the distance travelled in making such service. From the papers before me, I should infer that most of the forty-two defendants, for serving upon whom this charge of $65 is made, were residents of the same village with the plaintiff's attorney. If so, the charge of $65 must be quite an unreasonable and exorbitant compensation for the service of the summons and notice of object of suit in this action upon them respectively, as no compensation for travelling could be allowed in such case.

The next three items objected to are $28.35 and $28.24, charged for witness fees for the attendance of the plaintiff as a witness, on three several occasions, for the trial of the cause. This is not a disbursement of the attorney, nor within the intent of the statute, I think, in regard to the allowance for *disbursements* or witnesses' fees. If the party may recover for witnesses' fees for himself, I do not see where to stop, or what expenses of parties, incurred or paid in the ordinary prosecution or defence of their suits, may not be claimed and allowed as necessary disbursements. The legislature never intended, I think, in allowing parties to be witnesses for themselves, to put them on a par with other witnesses in respect to witness fees, when they attend the trial to give evidence in

their own favor. This would open a door to much abuse, which I should be unwilling to sanction till the legislature so commands. On this point the judges of this district, at the last March general term, all concurred in the decision that witnesses' fees were not recoverable by *parties* in such cases. This is an adjudicated question in this district. The objection to the sums paid for searches and copy papers from the clerk's office and records, I think not well taken, the affidavit of the plaintiff's attorney showing these items to have been necessary and proper within section 14 of title 4, chapter 10, part 3 of the Revised Statutes, page 651.

The charge of $1, for sheriff's fees for two circuits, I think was properly allowed. The sheriff is, I think, entitled to a fee of fifty cents for every cause noticed for trial at a circuit court, or placed on the calendar thereof for trial.

The costs must be readjusted before the clerk, upon the principles above declared, and the respective parties may make such further proofs as they shall be advised in respect to the necessity for making the forty-one additional defendants parties to the action above mentioned, and also in respect to service of the summons in the action on such defendants, and the reasonableness of the disbursements therefor, and neither party to have costs on this appeal.