The Equitable Life Assurance Society of the United States, Appellant, v. Mary Anna Hughes et al., Respondents.

The expense of obtaining an unofficial search of title is not taxable as an item of disbursements in a mortgage foreclosure case; it is not a necessary expense, "taxable according to the course and practice of the court or by express provision of law," within the meaning of the provision of the Code of Civil Procedure (§ 3256) in reference to the disbursements which may properly be included in a bill of costs.·

Searches made by a corporation under the act providing for the organization of "corporations to examine and guarantee bonds and mortgages and titles to real estate" (Chap. 538, Laws of 1885) are not official, and have no greater force· or value than unofficial searches made by individuals.

It seems the Supreme Court is presumed to be familiar with its own practice, and may determine from its own knowledge, without other evidence, what is or is not a necessary expense, "taxable according to the course and practice of the court."

(Argued December 1, 1890; decided December 16, 1890.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made July 18, 1890, which affirmed an order of Special Term denying a motion to compel the clerk of Westchester county to tax an item in plaintiff's bill of costs for money paid the Lawyers' Title Insurance Company of New York for a search of title of the premises, to foreclose a mortgage upon which this action was brought.

*Esek Cowen* and *George Waddington* for appellant. The charges for searches, in these two foreclosure cases, were reasonable and necessary, and taxable, according to the course and practice of the court within section 3256 of the Code of Civil Procedure. (3 R. S. chap. 10, tit. 3; *De Witt* v. *Swift*, 3 How. Pr. 280; *Brockway* v. *Brockway*, 16 Barb. 590; Laws of 1840, chap. 342; *Case* v. *Price*, 17 How. Pr. 348.) If the expense of a search is necessary and reasonable when the plaintiff has paid an official the legal fee for such service, such

expense is no less reasonable and necessary when a sum less than the legal fee is paid to an unofficial person for precisely the same service. (Code of 1848, § 266; *Case* v. *Price,* 17 How. Pr. 348.)

*Stephen B. Jacobs* for respondents. It is the clerk's duty to scrutinize bills of costs and strike out items unlawfully inserted, even if no objection is made to them. (Code Civ. Pro. § 3266.) There is no proof that these searches were necessary. (Code Civ. Pro. §§ 3266, 3267.) Disbursements for unofficial searches cannot be allowed, unless prior to the present Code they were taxable "according to the course and practice of the court." (Code Civ. Pro. §§ 17, 3256.) While the fees of registers and clerks for searches and other services necessarily rendered are taxable, there is no case holding that charges of others performing like services are taxable. (*Rogers* v. *Rogers,* 2 Paige, 463; *Watertown* v. *Cowen,* 5 id. 510.) The mere fact that an affidavit was presented averring the necessity for and reasonableness of expenditures is not conclusive. (*Provost* v. *Farrell,* 13 Hun, 303; *Rocherly* v. *N. Y. R. Co.,* 24 id. 130; 90 id. 30; *P. B. Co.* v. *Sargent,* 43 id. 154; *Colton* v. *Simmons,* 14 id. 75–77; *Mark* v. *City of Buffalo,* 87 N. Y. 84; *Town of Pierpont* v. *Lovelass,* 4 Hun, 681; *Bick* v. *Reiss,* 52 id. 125; *Kenney* v. *Van Hone,* 2 Johns. 107; *Rogers* v. *Rogers,* 2 Paige, 458; *De Witt* v. *Swift,* 3 How. Pr. 280–282; *Hovey* v. *Hovey,* 5 Paige, 551; *Perry* v. *Griffin,* 7 How. Pr. 263; *Goodenow* v. *Van Vechten,* 11 id. 281.)

Earl, J. The plaintiff commenced this action to foreclose a mortgage, and its attorney obtained a search of the title of the mortgaged premises from the Lawyers' Title Insurance Company of New York, a corporation organized under chapter 538 of the Laws of 1885, and he paid it for such search $28.50. The plaintiff claims that the sum should be taxed as a lawful disbursement in its bill of costs. The court below held that it was not entitled to such taxation, and from that decision it has appealed to this court.

There is nothing in the act under which the Lawyers' Title Insurance Company was organized making its searches official, or its certificates as to title evidence in any court. The searches made by it have no greater force or value in the law than an unofficial search made by an individual; and unless the plaintiff would have been entitled to the taxation of this item if the search and charges therefor had been made by an individual, its claim fails.

At common law neither costs nor disbursements were allowed to the prevailing party in any case, and their allowance has always been regulated by statute. Unless, therefore, the plaintiff can point to some statute authorizing the clerk to allow and tax this item, the decision below is right.

After costs and disbursements were allowed by law, they were confined to certain fees payable to counsellors, solicitors and attorneys, and to payments made to officers who were entitled to charge fees for official services, and to the legal fees of witnesses.

The first comprehensive statute in this state which we have been able to find regulating the fees of attorneys, counsellors, solicitors and public officers, is the act, chapter 190 of the Laws of 1801 That act was re-enacted with some amendments in the Revised Laws of 1813, vol. 2, p. 3. In these statutes, minute provisions were made for the fees of attorneys, counsellors, solicitors, officers and witnesses; and the fees thus specified were all the fees which were taxable in favor of any party entitled to recover them. The whole subject of fees was again regulated by the Revised Statutes, part 3, chapter 10, titles 3 and 4; and in all these statutes it was made illegal and criminal for any officer or person to take or exact any other or greater fee than that specified in the law. Section 20 of title 3, contained a general provision as follows: "The actual disbursements of a solicitor in the Court of Chancery or of an attorney in the Supreme Court necessarily incurred in cases not herein specified, which shall be proved by affidavits and shall be deemed reasonable by the taxing officer may be allowed in the taxation of costs."

A similar clause in the following language was contained in
the Revised Laws (2 R. L. 13): "and the solicitor is to be
allowed in the taxation of costs for all postages and other
disbursements actually and necessarily incurred or paid in
the cases not specified." The precise scope of the clause "nec-
essarily incurred or paid in the cases not specified," is not
entirely plain. But we believe it has always been construed
to mean the fees of officers — fees of the same character as·
those mentioned though not specified; and these general
clauses have never been held to extend further. The sums
disbursed by solicitors and attorneys for stationery, blanks, for
traveling and tavern expenses, and for many other purposes,
are necessary, and yet it has never been supposed that under
the general language above quoted such items were taxable as
disbursements. In *Kenney* v. *Vanhorne* (2 Johns. 108), it
was held that the expenses of executing a commission were
not to be taxed because they were not within the provisions
of the act regulating taxable costs and disbursements. In
that case, the court said : "The preparing or making up of
cases for argument in the cause is not comprehended in any
of the particular services specified in the act, and unless it
comes within some of one of the services provided for by the
act it cannot be taxed ;" thus showing that in the opinion of
the court at that time nothing could be taxed except what
was particularly specified in the act. In *Hovey* v. *Hovey* (5
Paige, 551), it was held that the solicitor was not entitled to
have taxed the expense of ascertaining the residence of the
defendants as a necessary disbursement, and that the only
disbursements which were properly taxable under the pro-
visions in the fee bill were disbursements by the solicitor for
postage; for exemplifications to be used in the suit; for nec-
essary searches in the public offices ; for publication of notices
required by law or the practice of the court, and other dis-
bursements of a like nature. The chancellor said : "There
are many cases of disbursements by an attorney or solicitor,
for the benefit of his client, which are not taxable against the
adverse party as costs in the cause, but which form a proper

subject of allowance to the attorney or solicitor as against his own client."

Section 3256 of the Code of Civil Procedure now specifies the disbursements which a party entitled to costs may include in his bill, and it is as follows: " A party to whom costs are awarded in an action, is entitled to include in his bill of costs his necessary disbursements, as follows: The legal fees of witnesses and of referees and other officers; the reasonable compensation of commissioners taking depositions; the legal fees for publication, where publication is directed pursuant to law; the legal fees paid for a certified copy of a deposition, or other paper recorded or filed in any public office, necessarily used or obtained for use on the trial; the reasonable expenses of printing the papers for a hearing, when required by a rule of the court; prospective charges for the expenses of entering and docketing the judgment, and the sheriff's fees for receiving and returning one execution thereon, including the search for property; and such other reasonable and necessary expenses as are taxable according to the course and practice of the court, or by express provision of law." There is certainly nothing in this section which authorizes the taxation of this item, unless it be the last clause, and thus we are brought to the inquiry whether the item is taxable " according to the course and practice of the court, or by express provision of law." We are pointed to no express provision of law, and the sole inquiry, therefore, is whether it is taxable " according to the course and practice of the court." The Supreme Court, which must be presumed to be familiar with its own practice, holds that it is not thus taxable. This the court could have determined from its own knowledge, without any other evidence. But its decision is amply supported by the evidence placed before it, and we can perceive no ground upon which we can reverse it. We are not presumed to know as well as that court the practice which prevails therein in such cases.

There is no countenance for the taxation of this item in any of the authorities to which our attention has been called. In *Perry* v. *Griffin* (7 How. Pr. 263), it was held that nothing

can be allowed on the taxation of costs for money paid to. a commissioner to take testimony in another state, and for witnesses attending before the commissioner. A different rule was, however, laid down in *Finch* v. *Calvert* (13 How. Pr. 13), where it was held that the word "disbursements," mentioned in section 311 of the Code has a more extensive meaning under the present than under the former system, and includes necessary expenses in executing a commission in a foreign state. In *Case* v. *Price* (17 How. Pr. 348), it was held that the plaintiff in a foreclosure suit, who employs a constable or private person to serve a summons and complaint and notice of the object of the action, may recover as disbursements a reasonable sum for such service. In *Town of Pierrepont* v. *Lovelass* (4 Hun, 681), the expenses incurred by a party in serving subpoenas upon witnesses were not allowed as necessary disbursements. In *Provost* v. *Farrell* (13 Hun, 303), the fees paid to a stenographer and for the preparation of maps to be used on the trial were refused taxation as costs, although the law at the time empowered the courts to appoint stenographers and regulated the price which they could charge for copies of notes. In *Colton* v. *Simmons* (14 Hun, 75), it was held that compensation paid by the prevailing party to the stenographer for his services at the trial cannot be taxed as costs. In *Rothery* v. *New York Rubber Company* (24 Hun, 172), it was decided that a party could not include in his bill of costs the amount paid to the surveyor for making the survey and plans used on the trial. That decision was affirmed in this court. (90 N. Y. 30.) In *Pfaulder B. E. B. A. Co.* v. *Sargent* (43 Hun, 154), the fees of a stenographer for a copy of his minutes were held not to be taxable as costs, even when procured by the party to enable him to propose amendments to the case. In *Mark* v. *City of Buffalo* (87 N. Y. 185), it was held that sums paid for plans and measurements and compensation to experts, beyond their fees as witnesses, were not properly taxable as necessary disbursements.

There is no warrant in these authorities for holding that the expense of an unofficial search can be allowed as a disburse-

ment.   The expense of an official search furnished by the county clerk can be allowed, because the fees of county clerks are regulated by statute, and the allowance to him is sufficiently provided for in the statutes.   His certificate of a search is by law made competent evidence, and if he exacts more than the statutory fee he is liable to indictment. . But the charge which the Title Insurance Company can make is not regulated or limited by statute, and the certificate of its search is not evidence and has the sanction of no law.   There is, therefore, not the same reason for allowing the expense of an unofficial as there is of an official search.   While the expense of a necessary copy of a record furnished by the county clerk for use upon the trial of an action may be taxed as a disbursement, if a copy of the same record be made by an unofficial person and proved by him to be a copy, the expense of making the copy cannot be taxed.   The disbursements to be taxed are the fees regulated by statute and paid to public officers.   The Code authorizes the service of a summons by a person not an officer, and, hence, the court has very properly allowed compensation for such service to be taxed as a disbursement, and such has become the course and practice of the court.

It is true that costs in an action formerly belonged to the attorney, and now they are awarded to the party.   But we do not perceive how this change in the law, as to the ownership of the costs when awarded, can enlarge the range of disbursements to be taxed.

We are, therefore, of the opinion that the order should be affirmed with costs.

All concur.

Order affirmed.