## GRIGGS v. GUINN.

- (Superior Court of New York City, Special Term.   November 10, 1892.)

1. REFERENCE—COSTS—REFEREE'S FEES.
    As Code Civil .Proc. § 3296, fixes the compensation of a referee. unless a
    different rate of compensation is fixed by consent or order, no stipulation for
    such fees can suspend the operation of the statute, unless it provides for a
    specific sum.

2. SAME—STENOGRAPHER'S FEES—IMPLIED REPEAL OF STATUTE.
    Laws 1892, c. 185, amending Code Civil Proc. § 3256, relating to costs, by
    adding a provision that stenographer's fees for minutes of testimony before
    a court, judge, or referee may be included, is abrogated by Laws 1892, c. 592,
    which also amends section 3256 "so as to read as follows," etc., and leaves
    out the provision for stenographer's fees, though it did not specifically repeal
    chapter 185; and such fees cannot be taxed, against the opposition of counsel.

Action by A. Irving Griggs against Sarah R. Guinn for an injunction.
A temporary injunction having been granted and afterwards dissolved,
defendant procured the appointment of a referee to determine her dam-
ages, and motion is now made to confirm his report.   Report modified.

Benjamin Estes, for plaintiff.
Frederick W. Peabody, for defendant.

GILDERSLEEVE, J.   The report of the referee herein should be
modified as follows:   First, by reducing counsel fee on reference from
$75 to $50; second, the stipulation entered into in respect to referee's
fees is too indefinite to be operative.   No stipulation can suspend the
operation of the statute, except it provides for a specific sum.   Griggs
v. Day, (Super. N. Y.) 18 N. Y. Supp. 796; Bank v. Tamajo, 77 N.
Y. 476.   The affidavit of the referee states that he spent 12 days in
the business of the reference.   The compensation fixed by the statute
is $6 per day, unless a different rate of compensation is fixed by consent
or order.   Code, § 3296.   It therefore follows that the referee is entitled
to $72.   His fee must be reduced from $150 to $72.

By chapter 185 of the Laws of 1892, section 3256 of the Code of Civil
Procedure was amended by providing that stenographer's fees for min-
utes of testimony before a court, judge, or referee could be included in
the taxable costs; but this chapter of the Laws of 1892 is clearly abro-
gated by a subsequent chapter, to wit, chapter 592 of the Laws of 1892,
which also amends section 3256 of the Code, but leaves out the provi-
sion for stenographer's fees, although it does not specifically repeal chap-
ter 185 of the Laws of 1892.[1]   Hence I know of no authority that au-
thorizes the stenographer's fees to be taxed as a disbursement in this
proceeding against the opposition of counsel.   Apparatus Co. **v.** Sar-
gent, 43 Hun, 154.   It therefore follows that the sum reported by the

---

[1]Code Civil Proc. § 3256, relating to the disbursements to be included in the bill
of costs, was amended by Laws 1892. c. 185. by adding a provision that stenog-
rapher's fees for minutes of testimony before a court, judge, or referee could be
included.   Laws 1892, c. 592, did not refer to chapter 185, but amended section
3256 of the Code "so as to read as follows," etc., and left out the provision for
stenographer's fees.

referee as stenographer's fees must be disallowed. The aggregate damages sustained by the defendant must be held to be $172. Thus modified, the report of the referee is confirmed.