JAMES WHITNEY, Appellant, v. JOHN C. ROE, Respondent.

*Costs and disbursements at common law — regulated by statute — stenographer's minutes — when not taxable as a disbursement on a motion for a new trial in a County Court — review of the question by the Supreme Court — allowable to an attorney as against his client.*

At common law neither costs nor disbursements were allowed to the prevailing party in any case, and their allowance has always been regulated by statute.

Chapter 185 of the Laws of 1892, amending section 3256 of the Code of Civil Procedure, never, in fact, went into operation.

Where a copy of stenographer's notes has been obtained for the purpose of making a motion for a new trial on the minutes in a County Court, the fees paid the stenographer for making the same cannot be taxed as a disbursement in the action, unless the item was taxable under the practice of that court.

It must be presumed that a County Court is familiar with its own practice, and it is not within the province of the General Term of the Supreme Court to determine what course of practice should be adopted or pursued by a County Court in respect to the taxing of stenographer's fees as a disbursement in an action.

There are many cases where disbursements are paid by an attorney for the benefit of his client, which are not taxable against the adverse parties as costs. but which may be properly allowed to the attorney as against his client.

APPEAL by the plaintiff, James Whitney, from an order of the Chemung County Court, entered in the office of the clerk of the county of Chemung on the 7th day of November, 1893, striking from the plaintiff's bill of costs the item of thirty dollars, stenographer's fees.

*Dailey & Bentley*, for the appellant.

*Robertson, Smith & Bull*, for the respondent.

MARTIN, J. :

This is an appeal from an order made by the Chemung County Court, striking from the bill of costs herein as taxed by the clerk the sum of thirty-six dollars, which was allowed for stenographer's fees paid for the minutes of a preceding trial. The appellant insists that this item was properly taxed for the reason that the minutes were ordered by the court to be used on the hearing of a motion for a new trial made on the minutes of the trial judge.

In this case there had been a trial by jury, and a verdict rendered in favor of the defendant. The plaintiff then moved for a new trial on the minutes on the ground that the verdict was against the evidence, and on the various exceptions taken during the trial. This motion was entertained by the court, and a new trial was subsequently granted. In deciding the motion, which resulted in the order appealed from, the court, it seems, assumed the facts to be as stated in the plaintiff's affidavits, which were that when the court entertained the motion for a new trial, it stated that it would be necessary to have a copy of the stenographer's minutes of the evidence made for the purpose of such motion ; that a copy was made on the application of the plaintiff, and used by the court and both parties in preparing, arguing and deciding that motion, and also used in all the subsequent stages of the action, and was procured because the court so ordered ; and that the plaintiff paid the official stenographer therefor the sum of thirty-six dollars and thirty-six cents. Assuming these facts, the court held that the sum thus paid was not taxable according to the course and practice of the County Court.

" At common law neither costs nor disbursements were allowed to the prevailing party in any case, and their allowance has always

been regulated by statute. Unless, therefore, the plaintiff can point to some statute authorizing the clerk to allow and tax this item, the decision below is right." (*Equitable L. A. Society* v. *Hughes*, 125 N. Y. 106, 108.) The only statute pointed out by the appellant, and the one under which he claims that this item is taxable, is section 3256 of the Code of Civil Procedure. While this section was amended in March, 1892 (Laws 1892, chap. 185), so as to include "stenographer's fees for minutes of testimony before a court, judge or referee" among the disbursements that might be taxed, yet, on May fourteenth of the same year, an act was passed again amending that section by omitting the provision above quoted. (Laws 1892, chap. 592.) As it was provided by each of these acts that it should take effect September 1, 1892, the act permitting such fees to be taxed never in fact went into operation. (*Griggs* v. *Guinn*, 29 Abb. N. C. 144.) Section 3256, as it now stands, and as it stood when the question in this case arose, so far as applicable thereto, after enumerating certain fees or disbursements which may be taxed, provides: "and such other reasonable and necessary expenses as are taxable according to the course and practice of the court, or by express provision of law."

It is not contended that there is any express provision of law which authorizes the taxation of stenographer's fees under the circumstances which existed in this case. Hence, the question presented is whether they were taxable as reasonable and necessary expenses according to the course and practice of the court in which the action was tried.

There have been numerous decisions in the Supreme Court and courts other than the County Court as to when stenographer's fees might be taxed as a disbursement in an action, but we have been cited to and have found no case where the precise question involved upon this appeal has been decided.

While it has been held that in the Supreme Court, stenographer's fees might be taxed where a copy of the minutes is necessary to make a case or a bill of exceptions (*Varnum* v. *Wheeler*, 9 N. Y. Civ. Proc. Rep. 421), and where a copy of the minutes was necessary to enable the party procuring them to prepare amendments to a case (*Sebley* v. *Nichols*, 32 How. Pr. 182; *Stevens* v. *New York El. R. Co.*, 9 N. Y. Supp. 707), but upon this question the authorities are

conflicting. (*Pfaudler Co.* v. *Sargent*, 43 Hun, 154.) Yet, we have found no case in the Supreme Court or any other where it has been held that where a copy of the stenographer's notes had been obtained for the purpose of making a motion for a new trial on the minutes, the fees paid the stenographer for making the same could be taxed as a disbursement in the action. The question, however, in this case is not whether the stenographer's fees could be taxed according to the course and practice of the Supreme Court, but is whether they are taxable according to the course and practice of the County Court.

There are many cases where disbursements are paid by an attorney for the benefit of his client which are not taxable against the adverse party as costs in a case, but which may properly be allowed to the attorney as against his client. (*Hovey* v. *Hovey*, 5 Paige, 551; *E. L. A. Society* v. *Hughes*, 125 N. Y. 109.)

That the item in question in this case was taxable under the practice as it existed in the County Court was not made to appear either by evidence or authority. Indeed, there is nothing before us showing or tending to show that any such practice has ever existed in the Chemung or any other County Court. Under these circumstances we do not see how we can properly determine that such a practice existed, and that it was disregarded by the court below in granting the order appealed from. It must be presumed that the County Court was familiar with its own practice in this respect. That court was in a position to know, and could determine from its own knowledge and without any other evidence, whether the practice of that court required it to allow, or to disallow, such an item. We are not presumed to know as well as that court the practice which prevails therein in such cases. (*E. L. A. Society* v. *Hughes*, 125 N. Y. 106, 110.)

It is not, we think, within the province of this court to determine what course and practice should be adopted or pursued in this respect by the County Court. If no established practice existed which would justify the allowance of the item in question, then it was properly disallowed, as it was only such reasonable and necessary expenses as were in fact taxable according to the course and practice of that court which could have been allowed under the provisions of section 3256.

We are of the opinion that, in the absence of any evidence or

authority which tends to show that the item in question was taxable according to the course and practice of the County Court, it must be presumed that the court below followed the practice as it existed in that court and that it was not taxable according to such practice, and, hence, that the order appealed from should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.