THOMAS E. PARK, Plaintiff, *v.* THE NEW YORK CENTRAL & HUDSON RIVER RAILROAD Co., Defendant.

(Supreme Court, Onondaga Special Term, December, 1900.)

Costs — Stenographer's minutes taxable when necessary to prepare amendments to case.

A disbursement for stenographer's minutes necessary to enable the respondent to prepare amendments to a case and exceptions, and made where he could not obtain the use of the appellant's copy, is taxable by the respondent.

MOTION to review a taxation of costs.

Jenney & Jenney, for motion.

Hiscock, Doheny, Williams & Cowie, opposed.

ANDREWS, W. S., J.    The clerk of Onondaga county upon the taxation of costs in the above action struck out an item of $110 paid by the plaintiff for a copy of the stenographer's minutes. The plaintiff had obtained these minutes for the purpose of preparing amendments to the case and exceptions served by the defendant upon an appeal from a judgment of the Trial Term of the Supreme Court to the Appellate Division thereof, and he swears that they were necessary and requisite for that purpose for the reason that the defendant had refused to allow him to examine the copy obtained by it for the purpose of preparing such case and exceptions.

The plaintiff further claims that he is entitled to such sum under section 3256 of the Code of Civil Procedure, which provides that a party to whom costs are awarded in an action is entitled to include in his bill such reasonable and necessary expenses as are taxable according to the course and practice of the court.

He further refers to rule 32 of the general rules of practice of this court, which provides that, " If the party proposing the amendments claims that the case should be made to conform to the minutes of the stenographer he must refer at the end of each amendment to the proper page of such minutes."

It is quite evident, in view of this rule, that the disbursement in question was a necessary and proper one; but whether it is such a disbursement as is taxable according to the course and practice of the court is by no means clear.

In the old fifth department it was expressly held that such a disbursement, even when incurred for the purpose of enabling a party to propose amendments to a case, could not be taxed. Pfaudler Co. v. Sargent (43 Hun, 154); Shaver v. Eldred (86 id. 51).

These cases rest upon the argument that section 3256 of the Code of Civil Procedure, prior to 1892, did not distinctly specify stenographer's fees for minutes of testimony as a disbursement which could be taxed; that the Legislature, by chapter 185 of the laws of that year, did include as such a disbursement " stenographer's fees for minutes of testimony before a court, judge or referee," but within a few months again repealed such later act, thus showing its intention to exclude such an item.   And they rest upon the further argument that a party upon the trial has a right to take minutes, or to procure others to take them for him; that the services of such person could not be taxed as a disbursement, and that a stenographer is such a person.

On the other hand the Appellate Division in the first department has held that a copy of the stenographer's minutes used to prepare amendments on appeal is taxable in that department Ridabock v. Metropolitan El. R. Co. (8 App. Div. 309), in which case stress is laid upon the requirements of rule 32.   And the same rule was enforced in the old General Term in that department; Sebley v. Nichols (32 How. Pr. 182), and in the New York Superior Court, Stevens v. N. Y. El. R. Co. (31 N. Y. St. Repr. 404).

This rule was also approved in this district by Judge Kennedy in 1886.   Varnum v. Wheeler (9 Civ. Pro. 421).

These seem to be the only cases bearing directly on the subject, although it is true that in Equitable Society v. Hughes (125 N. Y. 106), in discussing the course and practice of the Supreme Court in regard to another kind of disbursement, a passing reference was

made to Pfaudler Co. v. Sargent, cited above; and in Whitney v. Roe (75 Hun, 508) a similar reference is made to the same case, but in neither opinion was it considered and approved.

The argument as to the effect of the enactment and repeal of the act of 1892 is not by any means conclusive. It had been repeatedly held that stenographer's fees before a referee were not a taxable disbursement and that such fees were not taxable when the minutes were obtained, in ordinary cases, for use upon the trial.

It may well be that the Legislature concluded, upon reflection, that it was not wise to change this rule, and that neither in the original act, nor in its repeal, had it any reference to such a case as the one at bar.

So, too, the argument in regard to the right of anyone to take the minutes of a trial and the impropriety of charging as a disbursement for such services, seems to be met by a reference to rule 32.

In view, therefore, of the decision of Judge Kennedy, cited above, and of the New York cases, I must hold that a disbursement made for stenographer's minutes, when necessary to prepare amendments upon an appeal, and when the use of the appellant's copy of such minutes cannot be obtained by the respondent, is taxable according to the course and practice of this court.

Motion granted, with ten dollars costs.