(73 Misc. Rep. 583.)

### ROSE et al. v. SWARTHOUT et al.

(Supreme Court, Special Term, Ontario County. October, 1911.)

1. Costs (§ 154*)—Items—Drawing Interrogatories.
   Under Code Civ. Proc. § 3251, providing an allowance of $10 for drawing interrogatories to be annexed to a commission, where separate commissions must issue for the examination of witnesses residing in different localities, the party successful in the action is entitled to tax $10 for drawing interrogatories attached to each commission.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 596–604; Dec. Dig. § 154.*]

2. Depositions (§ 24*)—Commissions—Number of Commissions.
   A party may in a proper case take the evidence of his witness by commission, and may have as many commissions for that purpose as are required.
   [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 35; Dec. Dig. § 24.*]

3. Costs (§§ 207, 215*)—Taxation—Review.
   The affidavit of plaintiffs, stating that the amount paid for the taking of depositions and for witness' fees is correct and true, reasonable in amount, and has actually and necessarily been incurred, is not overcome by the affidavit of defendants' attorney that the amount named was not necessarily paid or incurred, was unreasonable, and not authorized by law, and the action of the clerk in taxing the disputed items will not be disturbed.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 781–787, 797, 802, 816, 826: Dec. Dig. §§ 207, 215.*]

4. Costs (§ 169*)—Items—Official Search.
   Under Code Civ. Proc. § 3256, providing that the successful party to an action is entitled to his necessary disbursements, including the legal fees of witnesses and the reasonable compensation of commissioners tak-

ing depositions, the expense incurred in procuring an official search, which is part of the record in the action, made by the proper officers of another state, is taxable as a necessary disbursement.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 652, 653, 657, 658, 663, 759; Dec. Dig. § 169.*]

Action by Edward Rose and another against Herbert D. Swarthout and another. Heard on motion for an order directing retaxation of costs. Denied.

George L. Bachman, for plaintiffs.
William S. Moore, for defendants.

SAWYER, J. Defendants move for an order directing the retaxation of plaintiffs' costs, so far as the same include the following items taxed by the county clerk of Ontario county:

First. Drawing interrogatories to annex to two commissions........ $20 00
Second. Amount paid by plaintiffs for taking depositions of William
H. Brown, Thomas H. Kelly, and Samuel Saylor, and necessary wit-
ness fees...................................................... 25 00
Third. Amount paid for abstract of title used in evidence............ 27 50

[1] First. Section 3251 of the Code of Civil Procedure provides an allowance of $10 for drawing interrogatories "to be annexed to a commission." This has been construed to mean that but one charge of $10 can be taxed, without reference to the number of witnesses named in the commission, or to the fact that separate interrogatories are necessary for each. O'Brien v. Commercial Fire Ins. Co., 38 N. Y. Super. Ct. 4. In the case at bar, however, two commissions were issued, under one of which the examination of one witness was had, and under the other of which was taken the testimony of two additional witnesses. This presents a different question from that adjudicated in the case above referred to, and a different question from that presented in Burns v. D., L. & W. R. R. Co., 135 N. Y. 268, 31 N. E. 1080, here relied upon by defendants. The holding in the Burns Case, as I read it, does not go beyond that of the O'Brien Case. The opinion expressly states, "We will, therefore, assume that one commission was issued to examine three witnesses in Pittsburgh," and the entire argument was based upon the assumption that the testimony was taken under one commission only.

[2] A party may, in a proper case, take the evidence of his witness by commission, and may have as many commissions for that purpose as are required. Instances are not infrequent where witnesses are so located that separate commissions must issue for the examination of each. In such case the successful party ought not to be, and I think is not, limited in his recovery of costs for the interrogatories to $10. The limitation of costs in the section under consideration applies to each separate commission, but does not restrict to $10 the amount to be allowed for drawing interrogatories attached to all commissions duly issued. The true construction is that for every commission issued $10 and no more may be recovered for drawing its

attached interrogatories. The facts would seem to indicate this to be the theory in O'Brien v. Commercial Fire Ins. Co., supra, where $10 for each of four commissions was taxed.

[3] Second. The affidavit of plaintiffs states that the amount paid for the taking of the depositions and for witness fees was correct and true, reasonable in amount, and had been actually and necessarily incurred in the action. There was nothing before the clerk to contradict this statement, except the affidavit of defendants' counsel that the amount had not been necessarily paid or incurred, and "that said amount is unreasonable and is not authorized by section 3256 of the Code of Civil Procedure, which is the only section bearing upon that question." The clerk has acted upon this conflict of statements and taxed the disputed items of costs. Section 3256 of the Code provides that the successful party to an action is entitled to tax his necessary disbursements, including the legal fees of witnesses and the reasonable compensation of commissioners taking depositions. These depositions were a part of the record before the clerk and must be assumed to have been considered in connection with the affidavits concerning them. Probably, upon proper application, counsel could have procured a separation of the items, so as to show just the exact amount paid the commissioner and as fees to each witness; he contented himself, however, with the general objection. The situation differs from that of Burns v. D., L. & W. R. R. Co., supra, which seems to be relied upon by defendants. There the record was bare of any proof before the clerk that the fees were paid, the obligation therefor incurred, or that the item was in any way a necessary and proper disbursement in the case; whereas here the necessary proof in these respects was before the clerk by affidavit. The clerk has passed upon the facts, and, the allowance being warranted by law, his decision must stand.

[4] Third. While section 3256 of the Code does not, in terms, mention fees paid for an official search, yet the section as a whole, by necessary implication, includes such fees among the disbursements which may be taxed; and it was so held even before the section was amended so as to provide for the fees of unofficial searches. Equitable Life Assur. Soc. v. Hughes, 125 N. Y. 106–112, 26 N. E. 1, 11 L. R. A. 280. The only question is whether an official search by the proper officer of another state comes within the purview of the section. The phrase used is "recorded or filed in any public office." It is to be presumed that the Legislature had in view, when enacting this section, that there were public officers in other states than this whose records would, from time to time, be necessarily used in our courts. By omitting from the end of the sentence "within this state," or words of similar import, it would seem to have been intended to give the section sufficient scope to provide for such records wherever obtained. There is no reason that I can see why a suitor should be permitted to tax the expense incurred in procuring a certified copy of a record from a public office in the state of New York and debarred from taxing that incurred in procuring, when necessary, such certified copy from a public office of a sister state. The section contemplates a successful suitor's reimbursement for such expense, no

matter in whatsoever public office it became necessary to make the expenditure.

The search in question was a part of the record; the disbursement was authenticated by the necessary proof, and the taking of that item is justified.

Motion denied, with costs.