HELEN N. SILBER, Plaintiff, *v.* CARL F. SILBER, Defendant.

Supreme Court, New York Special Term. January, 1923.

Costs — matrimonial action — disbursements for stenographer's minutes of inquest properly taxed.

Where an inquest is taken in a matrimonial action after an answer has been filed, the plaintiff is entitled to tax as a disbursement the amount properly paid to the stenographer for the minutes of the inquest, but an item for the amount paid for minutes of testimony taken in a habeas corpus proceeding having no direct legal relation to the action, may not be taxed in the plaintiff's bill of costs.

MOTION by plaintiff to review the action of the clerk in refusing to tax, as disbursements, two items expended by plaintiff for stenographer's minutes, one item being for the minutes of the inquest in this action, and the other for the minutes of the testimony of a witness at a hearing in a habeas corpus proceeding having no direct legal relation to this action.

*Philip A. Walter*, for plaintiff.

*Oscar Igstaedter*, for defendant.

GAVEGAN, J.   (1) Where the defendant fails to answer it is the established custom in this county to tax, as a disbursement, the amount properly paid the stenographer for the minutes which a party must furnish pursuant to rule 282 of the Rules of Civil Practice.   This is an item now covered by subdivision 10 of section 1518 of the Civil Practice Act.   It is also the practice here to interpret rule 282 as requiring the party taking an inquest, after an answer has been filed, in any action to which the rule relates, to furnish the minutes.   The default here was after an answer had been filed.   That interpretation of the rule is necessary in many cases to accomplish its evident purpose.   The evil against which it is directed is as probable to occur whether the default is suffered before or after the interposition of an answer.   In relation to the taxation of disbursements the application of the rule should be just as broad as the application given to it at Special Term.   The clerk is directed to tax the amount paid the stenographer for the minutes of the inquest in this action.   To that extent the motion is granted.   What has been said does not relate to a case where, after a trial, the minutes are furnished at the request of the court.   Judiciary Law, § 300.   In certain undefended matrimonial actions they are furnished not because of a request or direction of the court, but because the rule requires that they be procured by the party.   (2) The clerk properly refused to tax the amount paid for minutes of testimony in a related proceeding.   They were obtained to enable plaintiff to make her proof.   Even assuming that they were necessary for that purpose their cost may not be taxed.   As to that item the motion is denied.

Ordered accordingly.