ALBERT N. CHAPMAN, Plaintiff, v. THE BOARD OF EDUCATION OF THE CITY OF ONEIDA, N. Y., Impleaded with SIDNEY K. JOHNSON and Others, Defendants.

Supreme Court, Madison County, August 8, 1928.

Costs — disbursements — stenographer's fees for copying minutes requested by court, not taxable under Civil Practice Act, § 1518, subd. 10.

The fees paid to a stenographer for a copy of the minutes which were requested by the trial judge, are not taxable as disbursements, under subdivision 10 of section 1518 of the Civil Practice Act.

MOTION for retaxation of costs.

Coley & Kiley, for the plaintiff.

Frank W. Barnes, for the defendant.

SENN, J. The above-entitled action was for the foreclosure of a mechanic's lien. It was tried before Mr. Justice RHODES without a jury. Judgment of foreclosure and for the recovery of the sum

of $828.87 and costs, was awarded the plaintiff. The costs were taxed and retaxed by the county clerk at $230.30.

Two items were objected to. One was " allowance by statute, $114.17." It is now conceded by the plaintiff's attorneys that this should be reduced to $51.44, no extra allowance having been made by the court.

The other item is " copy minutes $24.00."

Shortly after the trial, Justice Rhodes communicated with the plaintiff's attorneys, stating that he would be unable to decide the case unless he had the stenographer's minutes and directed the plaintiff's attorneys to procure the same. This they did, paying to the official stenographer who acted at the trial the amount of his fee which was twenty-four dollars.

It is claimed that this was allowable as a disbursement under subdivision 10 of section 1518 of the Civil Practice Act, viz.: " 10. Such other reasonable and necessary expenses as are taxable according to the course and practice of the court,    *    *    *."

This provision was also in section 3256 of the Code of Civil Procedure.

In *Johnston* v. *N. Y. Elevated R. R. Co.* (10 Misc. 136) it was held by the General Term of the New York Common Pleas Court (1894) that disbursements for stenographer's minutes of trial furnished by the direction of the court are taxable. It does not appear, however, under what circumstances the court made the direction.

In *Silber* v. *Silber* (120 Misc. 168), Gavegan, J., intimates, but does not specifically hold, that subdivision 10 of section 1518 does not relate to a case where, after a trial, the minutes are furnished at the request of the court, and cites section 300 of the Judiciary Law, which requires the stenographer, upon request, to furnish to the judge holding the term, a copy of his stenographic notes, etc., without charge.

In *Pfandler Barm Extracting Co.* v. *Pfandler* (39 Hun, 191) defendant presented affidavits that at the close of the trial he called for and procured a copy of the stenographer's notes, for which he paid. It did not appear that the court used the copy or that it was obtained by him for that purpose. The judge's direction to the stenographer for a copy of the minutes of the trial did not direct that the fees be paid by either party and the court said: " it is therefore, to be presumed, if a copy was in fact made for the use of the court, it was without any charges to be paid therefor."

In *Provost* v. *Farrell* (13 Hun, 303) stenographer's fees for minutes of trial were held not taxable. Here, too, the circumstances in relation to this item are not set forth.

There seems to be no direct authority on the question here presented and the cases are not altogether in harmony.

*Whitney* v. *Roe* (75 Hun, 508) is cited as an authority against the item being allowable. That was a case where the County Court of Chemung county refused to allow an item for stenographer's fees for minutes of a preceding trial. The minutes had been ordered by the court for use on the hearing of a motion for a new trial made on the minutes of the trial judge. The minutes had thereupon been ordered by the plaintiff. The court held that this was not taxable according to the course and practice of the County Court. On appeal this determination was affirmed by the General Term.

The court said: " It must be presumed that the County Court was familiar with its own practice in this respect. That court was in a position to know, and could determine from its own knowledge and without any other evidence, whether the practice of that court required it to allow, or to disallow, such an item."

The court cited *Equitable Life A. Society* v. *Hughes* (125 N. Y. 106, 110) as to the right of a court to determine what is its own practice. That was a case where it was sought to tax a sum paid for a search of title in a foreclosure action, which was not at that time authorized by any express provision of law. The Supreme Court held that the item was not taxable " according to the course and practice of the court." In the opinion in the Court of Appeals, the court said: " The Supreme Court, which must be presumed to be familiar with its own practice, holds that it is not thus taxable. This the court could have determined from its own knowledge, without any other evidence."

So far as my connection with the Supreme Court in this judicial district goes, it has been and is the practice, where cases are tried before the court without a jury, to have the stenographer's minutes of the trial submitted to the court with the briefs, but I know of no practice, and have been unable to learn of any practice in this judicial district, of taxing the cost in the bill of costs as a disbursement. This matter is usually taken care of by stipulation. There being no such stipulation in the case and no such practice known to me, I am reluctantly compelled to disallow the item. I think that as a matter of good ethics it should be allowed, but can find no legal authority for such a determination.

An order may be submitted, directing the county clerk to retax the costs herein, disallowing the item of twenty-four dollars for copy of minutes and reducing the allowance by statute from one hundred and fourteen dollars and seventeen cents to fifty-one dollars and forty-four cents, and taxing plaintiff's costs and disbursements accordingly, without costs of this motion.