HESSE-SCHNITT, INC., Plaintiff, *v.* JENNIE M. BRAHE and Others, Defendants.

Supreme Court, Oneida County, April 6, 1929.

*M. J. Margaret Brahe*, for the motion.

*Cross & Cross* [*J. Theodore Cross* of counsel], opposed.

DOWLING, WILLIAM F., J.   The above action was brought to foreclose a mechanic's lien against real property owned by the defendants Brahe.   The case, apparently, was on the equity trial calendar for several terms and was finally referred to an official referee by stipulation of the parties.   The plaintiff recovered judgment and was allowed costs by the official referee.   Plaintiff taxed costs and entered judgment.   However, it did not serve a notice of taxation or retaxation upon the defendants Brahe.   Defendants Brahe make this motion for a retaxation of costs, claiming that two items of disbursements were improperly allowed by the clerk, namely, stenographer's fees, thirty-five dollars, and fees for serving notice of mechanic's lien, three dollars.

Plaintiff admits that no notice of taxation or retaxation was given to said defendants.   Plaintiff requests that a retaxation be had so as to recover an item of thirty dollars for three term fees while said case was on the equity calendar of this court before it was referred to said official referee.   Plaintiff further contends that said items objected to herein were properly taxed.

Section 1518 of the Civil Practice Act governs the disbursements which may be legally taxed by a successful party in an action in the Supreme Court.   The item of stenographer's fees is not taxable under said section, unless it may properly come under subdivision 10 thereof, which provides as follows: " such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law."

This case was tried before an official referee.   He had the right to order a transcript of the testimony, to be paid for by the treasurer of the county.   Apparently, the referee did not so order.   According to the answering affidavits herein, the attorneys for the parties orally agreed among themselves that the stenographer should furnish two copies of the minutes, one for the plaintiff and one for the defendants Brahe, and that the successful party might tax the amount as a disbursement in the case.   The stenographer agreed to and did furnish two copies for the price of one copy.   This agreement was not spread upon the record or reduced to writing.   Each paid the stenographer for the copy of the minutes so received.   The oral agreement of the parties is not enforcible and the item of thirty-five dollars for stenographer's minutes was not a taxable disbursement herein by the plaintiff.   (*Keystone Type Foundry* v. *City of New York*, 213 App. Div. 86.)

The item of three dollars for service of notice of lien was not a taxable disbursement.   Under section 11 of the Lien Law, plaintiff had the option of serving the notice of lien by registered mail or personally.   The service of a copy of said lien was a service

which the plaintiff itself could have made by any of its officers, employees or agents, and, therefore, was not a taxable item. (*Burnett* v. *Westfall*, 15 How. Pr. 430, 434.) A party is not even entitled to tax the expense of serving subpœnas upon necessary witnesses in an action for the reason that the party can make such service without the aid of an officer of the law. (*Town of Pierrepont* v. *Lovelass*, 4 Hun, 681; *Equitable Life Assurance Society* v. *Hughes*, 125 N. Y. 106, 111.) Even if the expense of serving notice of lien was properly taxed, the sum of three dollars would be an unreasonable charge. The person making the service was not a sheriff, deputy sheriff or constable so far as appears by his affidavit of service, and, therefore, would not be entitled to any mileage. (*Case* v. *Price*, 17 How. Pr. 348, 351.) Under the course and practice of the court, neither of the above items was properly taxable as a disbursement.

Plaintiff also prays for a retaxation of costs in order that it may tax three term fees for three terms of court while the above case was necessarily upon the trial calendar of this court, which fees it omitted to include in its bill of costs herein. All that is required to entitle a prevailing party to a term fee is that the case be necessarily upon the calendar. The fact that it may be put over the term at the request of the party who subsequently succeeds does not deprive the party of term fees. Although plaintiff's answering affidavits do not show that the case was placed upon the calendar as required by statute, it does appear therefrom that the case was on the calendar without objection of counsel for the moving defendants. The plaintiff is entitled to retaxation in respect to said items of term fees. (Civ. Prac. Act, § 1535; *Nettleton Company* v. *Story*, 121 Misc. 258, 261.)

The moving defendants were entitled to notice of retaxation of said costs. (Civ. Prac. Act, § 1535.) The moving defendants are entitled to an order retaxing said costs, disallowing the items of thirty-five dollars for stenographer's minutes and three dollars for serving copy of mechanic's lien.

The moving defendants also ask for an order amending the judgment accordingly. Such practice is not proper. Section 1535 of the Civil Practice Act provides that any sum deducted upon a retaxation must be credited upon the execution or other mandate issued to enforce the judgment. (*Ost* v. *Salmanowitz*, 54 Misc. 547.)

The plaintiff having failed to give said defendants notice of retaxation is liable for the costs of this motion. (Civ. Prac. Act, § 1535.)

Ordered accordingly, with ten dollars costs of the motion to the defendants Brahe.