NEW YORK,
May, 1827.

Corlies
v.
Cummings.

CORLIES and WIDDIFIELD *against* CUMMINGS.(*a*)

ASSUMPSIT. This cause was twice tried. On the first trial, the defendant relied on two distinct grounds of defence; to both of which the plaintiffs gave some evidence by parol; other evidence by depositions taken *de bene esse*; and other evidence taken upon commission, in which both *parties joined; and half the expense of executing which had been paid by the defendant, viz: $37 50.

Both points of defence were submitted to the jury by the circuit judge. They found for the defendant; and, according to his direction, declared upon what ground they gave their verdict.(*b*) This was upon only one of the grounds of defence set up by the defendant.

The plaintiffs took several exceptions to the judge's decisions and charge upon the trial; and, after obtaining two orders for time to make a case, drew it, with a bill of exceptions, and served both upon the defendant's attorney. The case contained the testimony upon both points as given at the trial, both oral and written. As to the latter, it varied but slightly from the very words of the depositions; but no objection was made before the judge who settled the case on the ground of verbosity. The lines of the draft, copy to serve, and copy for the judge to settle by, on amendments being proposed, were made to correspond, and were numbered by figures. In May term, 1826, this court ordered the plaintiff to elect(*c*) between the case and bill of exceptions. They elected the former; and the case was argued upon points made on that part of it only, which related to the ground passed upon by the jury. The facts in relation to the other ground were inserted; so that this court might see, if they should be against the finding of the jury upon the ground taken by them at the

Costs as between party and party, the plaintiff having recovered. Statement of testimony in a case allowed [*155] on taxation; tho' not relating to the ground of objection to the decision or charge of the judge, nor passed upon by the jury, it being inserted in good faith, and not objected to, on settling the case, as unnecessary. So of testimony relating to points taken and overruled at bar. But nothing allowed as for *draft* of depositions, which were inserted nearly verbatim. Figures used to number the lines allowed in folio; one word for each figure. Nothing allowed for a bill of exceptions made with a case in the same cause; the party be-

ing compelled to elect between them, and having elected the case.
Draft and copying depositions under a commission allowed.
Costs of orders for time to make a case disallowed.

(*a*) 6 Cowen, 181, S. C.   (*b*) Vid. 6 Cowen, 181, S. C.   (*c*) Vid. 5 Cowen, 415, S. C.

NEW YORK, May, 1827.

Corlies
v.
Cummings.

(a) Vid. 6, Cowen, 181, S. C.

[*156]

trial, that there was still no reason for the defendant's retaining his verdict on the other ground. No objection was made at the trial to any decision of the circuit judge, in relation to the ground not passed upon by the jury.

This court granted a new trial, with costs to abide the event; (a) upon which the plaintiff recovered; and noticed his costs for taxation before a commissioner. He decided,

1. That the statement in the case, of testimony relating to the ground of defence not passed upon by the jury, should not be taxed at all.

*2. That the statement of evidence relating to any point made by the plaintiffs, and decided against them, should not be allowed.

3. That the figures should not be allowed in computing the folios.

4. That nothing should be allowed as for the draft of any testimony inserted in the case from the depositions.

5. That nothing should be allowed for the bill of exceptions.

6. That nothing should be allowed for the services of the commissioners in drafting and copying depositions taken under the commission.

7. That the costs of the plaintiffs' orders for time to make the case, should not be allowed.


*T. Fessenden*, for the plaintiffs, moved for a re-taxation.


*D. Lord*, junior, contra.


*Curia.* We think the commissioner erred in the *first* and *second* points of decision. We are not in the habit of scanning cases so critically, when presented for taxation. A party should be allowed to spread everything on the case which is reasonably necessary to a history of the cause at the circuit; so as to raise the points, and exhibit the views arising upon it. The evidence as to the ground not taken by the jury, might or might not be necessary. The counsel could not say whether it would turn out to be ma-

terial or not. He supposed it might; and in good faith proposed its insertion. Its insertion was sanctioned by the circuit judge, without objection by the opposite counsel at the time. If this part of the case was really objectionable, as mere surplusage, he should have made that a. point before the judge who settled the case, by proposing its exclusion in his amendments, or otherwise. The plaintiffs' counsel acted in good faith; and it is too late now to raise the objection.

So, as to the testimony upon which the plaintiffs made mistaken points. It is dealing very nicely with counsel to strike out all the matter except that particular part sustaining *the valid point. Counsel are right in raising several points according to their own notions of their client's rights: and it does not follow of course, that because any of them are overruled, the foundation on which they were raised, will be laid out of view in taxation. If it be seen that they have acted fairly and discreetly; which, indeed, should be intended till the contrary appear; their success upon one point should carry the costs as to all.

[*157]

The figures were usefully inserted; and we direct that they be taxed at one word for each figure.

On the *fourth* and *fifth* points, the commissioner was right. There was no material variance between the deposition as read, and that inserted in the case; and in respect to these, it could not be considered as a draft. The plaintiffs were bound to know that both the case and bills of exceptions would not be proceeded upon.

As to the charges of executing the commission, there was a decision, (*Kenney* v. *Van Horne*, 2 John. 107,) against their allowance. But the statute of 1813, (2 R. L. 15,) is broader than the one upon which that decision proceeded; and we think warrants the taxation of these charges. The old statute allowed costs for certain specific drafts and copies, and other necessary *entries*. (2 K. & R. 72.) The words of the act of 1813 are, *entries or proceedings in a cause, according to the course and practice of the court.* (2 R. L. 15.) The depositions were a *necessary proceeding* in the cause, within the act. We allow this portion of the bill,

NEW YORK, therefore; but not exceeding $37 50. The parties joined
May, 1827.  in the commission; one half the charges of execution being
Bogert     fixed at that sum.
v.
The Mayor,      The orders for time were to accommodate the plaintiffs;
&c., of the
city of New and were properly disallowed on that ground.
York
                                            Rule accordingly.


[*158]     *BOGART and others *against* THE MAYOR, ALDERMEN
           and COMMONALTY of the city of New York.

A certiorari     THE plaintiffs caused a writ of certiorari to be issued,
to remove the
proceedings of directed to the Mayor, Aldermen and Commonalty of the
the corporation
of the city of city of New York, reciting that the mayor, &c., had lately
New York, in determined to widen Bancker street; had caused commis-
opening and
widening     sioners to be appointed by the supreme court; which com-
streets, should
not be directed missioners had reported estimates and assessments, by virtue,
to the corpora- or by pretence of the act, &c., and that there were certain
tion.
*Semble,* it errors in the estimates and assessments, as to the plaintiffs,
should be di- by which they were injured; that they had objected in
rected to the
judges of the writing and by affidavit; but the estimates and assess-
supreme court,
acting as com- ments had been, as the defendants alledged and pretended,
missioners.  confirmed; that the defendants (as was alleged) had taken
A writ of cer-
tiorari should measures to carry the estimates and assessments into effect;
not be allowed
in such case, which were contrary to law, (as was alledged:) and com-
without cause manding the defendants to certify to the supreme court
shown by affi-
davit, or other- the estimates and assessments of the commissioners, the ob-
wise than by jections, affidavits and proof laid before them, with all the
mere sugges-
tion of coun- proceedings of the defendants thereupon; the report of the
sel.
           commissioners with all things touching the same, as fully
           as the same remained in their custody, possession or power;
           and also all and singular the acts, orders, minutes, reports,
           process, and proceedings, concerning the widening of
           Bancker street, with all things touching the same, as fully and
           entirely as the same remained in their possession, custody
           or power, &c.; that the supreme court might cause to be
           done what of right they should see fit to be done.