Hinman agt. Bergen.

5 How. 245-*Contra*, 4 How. 246.

SUPREME COURT. 5 How. 245-*Comp are* 2 Abb. 253; 15 Id. 135; 10 Bosw. 697; 4 Duer 680; 6 How. 404; 9 Id. 332; 13 Id. 89; 15 Id. 156; 17 Id. 469.

HINMAN agt. BERGEN.

The sum of $10, " for every circuit at which the cause is necessarily on the calendar and not reached or is postponed" (§ 307, *sub.* 8), is not allowable to the prevailing party, where the cause was postponed at his request, and for his benefit.

The plaintiff having recovered a verdict proceeded to have his costs adjusted by the clerk on notice.

The defendant appeared and opposed the allowance of $10 for each of three circuits when the cause was regularly on the calendar, but postponed at the request, and for the accommodation of the plaintiff, by consent of the defendant. This appeared by the affidavit of the defendant's attorney, and also that the defendant

was ready for trial at each of these circuits. This state of the facts was not denied by the plaintiff. The clerk allowed these items, and the defendant now makes his motion in the nature of an appeal, to have them stricken out.

Wm. M. Allen, *for Plaintiff.*

Jas. L. Campbell, *for Defendant.*

Morse, Justice.—It is urged on the part of the plaintiff that section 307, sub. 8, which provides for the allowance of ten dollars " for every circuit at which the cause is necessarily on the calendar and is not reached or is postponed," makes no exception on the ground that the postponement took place at the request and for the benefit of the party who seeks for the allowance. It seems to be supposed that this subdivision of section 307 is the only part of the statute which bears on the question as to these allowances. This is a mistake. The whole statute upon costs is to be taken together, and moreover is to receive a reasonable construction, which, that contended for by the plaintiff, is not.

The statute of costs in civil actions, after repealing all former fee bills, and existing rules controlling the right of a party to agree with his attorney or counsel, as to the measure of their compensation, provides for the allowance to the prevailing party " certain *sums by way of indemnity* for his expenses in the action," which are " termed costs" (*See* § 303 *of the Code*). By section 307 these sums termed costs, are set forth, and the particular head of expense which each is to indemnify against, is specified. Thus the general language in section 303 is rendered specific. The sum specified for a particular stage of the action, or proceeding in the cause is by way of indemnity for the expense of that particular stage or proceeding. The proper reading of the latter clause of section 303 and sub. 8 of section 307 is together; the former specifying the end proposed and the latter the means of attaining that end. The plain rule laid down by the statute is that " ten dollars" shall " be allowed to the prevailing party by way of indemnity for his expenses for every circuit at which the cause is necessarily on the calendar, and not reached or is postponed."

These sums are to be allowed by way of indemnity for his ex-
penses of the circuit, if allowed at all. To indemnify is to save
harmless from loss or penalty. The plaintiff has suffered neither
loss or penalty at the circuits from which he procured the trial to
be postponed; so far from the postponement being to his loss it
was to his benefit, and for his accommodation. If the defendant
had insisted upon it he would have been entitled to receive these
amounts; but he waived that. It would be inequitable; a dis-
couragement to liberal and manly dealing among counsel; and
contrary to the plain intention of the legislature to allow these
items. Thirty dollars must be deducted from the bill of costs
taxed by the clerk.