## SUPREME COURT.

### PERRY agt. GRIFFIN.

Nothing can be allowed on the taxation of costs for payments to a commissioner for executing a commission to take testimony in another state, and to witnesses for attending before the commissioner.

They are disbursements of a *party*, for which no provision is made by law.

————— *Special Term, February* 1852. *Taxation of costs.* The bill of costs on the part of the plaintiff in this action, which was commenced in 1846, contained charges for,

" Paid commissioner for executing commission issued in
    1847, ————— ————— ————— ————— ————— ————— $13·60
"   commissioner for executing commission issued
    in 1849, ————— ————— ————— ———— ———— ————— 16·58
"   witnesses for attending before commissioner, ——— 5·86

T. R. STRONG, Justice.—It appears by an affidavit of the plaintiff presented to me, that the commissions were executed in Michigan, and that these payments have been actually made; and I am satisfied from statements in the affidavit as to the examination of the witnesses, and the number of pages covered by the deposition, that the sums paid were not unreasonable Are these items taxable? It is obviously just they should be allowed if there is any provision which will warrant it. In Kenney vs. Van Horn (2 *Johns.* 147), under the fee bill then existing (2 *K. & R.* 72), it was held that charges for executing a commission would not be allowed; but in Corlies vs. Cummings (7 *Cow.* 154), under the fee bill of 1813 (2 *R. L.* 15), charges for drafting and copying the depositions, were allowed (see also 8 *Cow.* 109). The latter fee bill was regarded broader than the one in existence when the case of Kenney vs. Van Horn was decided. It provided compensation by the folio for entries or *proceedings* in a cause, and the depositions were regarded as a necessary *proceeding.* When this action was commenced, the folio system had been abolished; hence no allowance can be made for the services of the commissioner in the form adopted in Corlies vs. Cummings; and I am not aware of any provision under which charges for

his services are taxable. In Goodenow vs. Livingston (1 *How. Pr. R.* 232), Beardsley, Justice, disallowed charges for attendance of witnesses before the commissioner, on the ground that the commissioner was not a court or officer, within the meaning of the statute. It is fair to infer from this decision, that Justice Beardsley was of opinion that no other ground for their allowance existed. I entirely concur in the view taken by him of the question. If charges for fees of the witnesses and commissioners are not taxable, charges for payment of their fees can not be. They are disbursements of a *party* for which no provision is made. They are not included in the provision making allowance for the necessary disbursements of an *attorney* (2 *R. S.* 633, 634).

The charges in question must, therefore, be rejected,