## FINCH agt. CALVERT.

The word "disbursements," mentioned in § 311 of the Code, has a more ex-
tensive meaning under the present than under the former system. It includes
the necessary expenses in executing a *commission* in a foreign state.

*New-York Special Term, June,* 1856.

TAXATION of costs.

CLERKE, Justice. The "disbursements" allowed by the
20th section of the act concerning the fees of officers, (2 R. S.
634, *marginal*,) have been interpreted, under the system estab-
lished under the common law and recognized by the Revised
Statutes, as an ordinary necessary expenditure of the attorney,
"for services done or performed by the officers of the several
courts of law or equity in this state," or for the fees of wit-
nesses examined in this state, or for some other fees expressly
specified in the above mentioned act; and as no provision was
made by the Revised Statutes for the fees of witnesses examined
on a commission out of the state, or for the other expenses of
the commission, such disbursements were not allowed under
that system. Some of my brethren have adopted the same rule
under the Code, believing that the words employed in § 311 of
the Code—"the necessary disbursements and fees of officers
allowed by law"—meant only those disbursements specifically
authorized by the Revised Statutes. But I am of opinion,—
considering the whole purpose of the Code, the language em-
ployed, and the spirit and tenor of its enactments,—that the
word "disbursements" has a more extensive meaning under
the present than under the former system.

The compensation to the prevailing party, let it also be re-
membered, is not given by the way of costs and disbursements
the attorney, but as "*an indemnity*" to the party himself;
(§ 303;) and I can see no possible reason, why his necessary
expenses in executing a commission in a foreign state should
not be as properly included in that indemnity as any other

necessary expense, which he has incurred in prosecuting or defending the action. I cannot doubt that § 311 embraces *all* actual necessary disbursements.

The two disputed items should, therefore, be allowed.