## SUPREME COURT.

### THOMAS FISHER agt. WILLIAM HUNTER.

In the taxation of costs, the general principle is, that a party who recovers costs is entitled to have the amount fixed according to the fee bill in force at the time of the recovery. Therefore, an action decided in June, 1857, when the party became entitled to costs, properly came within the amendments of the Code as to costs, which became operative in May, 1857.

By the 8th subdivision of § 307 of the Code, (amended in April, 1857, and stands as sub. 7,) it is provided that a fee of $10, shall be allowed to the prevailing party for every circuit or term at which the cause is necessarily upon the calendar, and is "*not reached or postponed.*" These words, "not reached or postponed," have been regarded as very much of a *puzzle.* The grammatical construction undoubtedly is, *neither reached nor postponed.* But the practical construction to be given to these words should be that the successful party is entitled to this fee for attending the circuit prepared for trial, when without his own default, he had failed in trying his cause, as was held in *Sipperly* agt. *Warner*, (9 *How.* 333,) and *Shufelt* agt. *Power*, (13 *id.* 89.) That is, it might happen that the cause would not be reached; then the party finally successful should have his fee. It might happen that being reached, he could not try it. The court might refuse to try it. The parties might, for their mutual convenience, agree to postpone or refer it. If so, if the cause is *postponed* in either form, and the costs of the circuit or term are not otherwise provided for by the terms of postponement, the calendar fee is allowable.

Fisher agt. Hunter.

*Albany Special Term, June,* 1857.

MOTION for retaxation of costs.

THE action being at issue, was upon the calendar for trial, at the Albany circuit, in November, 1856. After the commencement of the circuit, and before the cause was reached upon the calendar, it was referred by consent of the attorneys for the parties respectively. The trial before the referee commenced before the amendments to the Code adopted in 1857, took effect. The referee made his report in favor of the defendant, on the 8th day of June. Upon the taxation of the costs, the taxing officer allowed the defendant $10, for a calendar fee at the November circuit, when the cause was referred, and allowed for services · at the increased rates prescribed by the amendments of 1857. These allowances were objected to, and the objections having been overruled, the plaintiff moved for a retaxation.

ISAAC LAWSON, *for plaintiff.*

LAYFAYETTE D. HOLSTEIN, *for defendant.*

HARRIS, Justice. The general principle applicable to questions like this, is, that a party who recovers costs, is entitled to have the amount of such costs fixed according to the fee bill in force at the time of the recovery. The amendments of the Code adopted by the legislature of 1857, became operative in May. This action was decided in June. It was then that the defendant first became entitled to costs. The new fee bill was then in force, and the clerk properly taxed the costs, according to the rates prescribed by the last amendment.

The effect to be given to the words " not reached or postponed," in the 8th subdivision of the 307th section of the Code, has been regarded as very much of a *puzzle* ever since the Code was adopted. When it is said that a fee of ten dollars, shall be allowed to the prevailing party for every circuit or term at which a cause, though upon the calendar, is *not reached,* the meaning is sufficiently obvious. The difficulty is, to determine what was intended, when the legislature added the

Fisher agt. Hunter.

words, "*or postponed*," or as it stood before the amendment of 1852, " or *is* postponed." The plaintiff's counsel supposes that the fee is only allowable in cases where the cause is *neither reached nor postponed.* He insists that if a cause, though not reached, is put over the circuit, the fee is not taxable. This is, perhaps, the grammatical construction of the language, as it now stands. But I think the better and more practical construction to be given to these terms is that adopted in *Sipperly* agt. *Warner*, (9 *How.* 333;) and *Shufelt* agt. *Power*, (13 *How.* 89.) I think it was intended to give the successful party this fee, for attending the circuit prepared for trial, when without his own default, he had failed in trying his cause. It might happen that the cause would not be reached. Then the party finally successful should have the fee. It might happen that being reached, he could not try it. The court might refuse to try it. The parties might for their mutual convenience agree to postpone it. If so, if the cause is *postponed* and the costs of the circuit or term are not otherwise provided for by the terms of postponement, I think the calendar fee of $10 is allowable to the prevailing party.

In this case, the parties attended the circuit for trial. For their mutual convenience, and by mutual consent, it was *postponed* by the agreement to refer. The prevailing party upon the trial, thereby became entitled to the costs of that circuit, including the fee allowed by the 8th subdivision of the 307th section. The motion must, therefore, be denied, but without costs.