## NEW YORK SUPERIOR COURT.

THOMAS DUNHAM agt. THOMAS G. SHERMAN.

On the execution of a *commission* for the examination of witnesses in a foreign country (London), the *commissioner's fees* are properly *taxable*. *Solicitor s charges* for services (abroad) in execution of the commission are *not taxable*. Proper fees for the attendance of *witnesses* (abroad) are a necessary disbursement, and the amount of such fees prescribed by *our statute* are properly taxable.

*It seems,* that where the papers present the question properly before the court, that if the fees of witnesses are regulated by the law of the country in which the commission is executed, and the attendance cannot be procured without payment of such fees, that should form the rule of allowance here.

*New York Special Term, October,* 1860.
MOTION for retaxation of costs.

Mr. BENEDICT, *for plaintiff.*
Mr. ABBOTT, *for defendant.*

HOFFMAN, Justice.   The plaintiff sued out a commission to London, in which the defendant joined, so far as to exhibit cross-interrogatories.   The commission was executed

by a single commissioner, and it appears that the examination took place on the 8th and 9th days of December. His charge for executing it was £10 10s.

To this was added a bill of £28 18s. 8d., paid solicitor's bill, including payment of witnesses, making together £39 8s. 8d., or $192.12, which has been allowed by the clerk. The bill of the solicitor is in detail, and contains for payment to seven witnesses (one from Scotland £8), the sum of £17 19s. The fees are £1 1s. to three witnesses, £2 2s. to three witnesses, and the £8 to one. The remainder is for the services of the solicitor employed by the plaintiff to superintend the execution of the commission. It is made up of items for attendances on the commissioner and on the witnesses, with sums paid for copies of the interrogatories and cross-interrogatories which some of the witnesses requested might be left with them for examination to refresh their recollection.

I. The commissioner's fees are expressly allowed by the amendment of 311th section of the Code, made in 1857. Justice CLERKE has considered them proper even before such amendment. (*Calvert* agt. *Finck*, 13 *How. R.*, 13.)

II. The proper fees for the attendance of witnesses is also a necessary disbursement. I agree with Justice SMITH in his views upon this point. (*Case* agt. *Price*, 17 *How. R.*, 348.)

But a difficulty exists as to the measure of such allowance. I am prepared to say that the attendance fee allowed in our fee bill (fifty cents) is proper to be taxed as to witnesses examined under a commission, and also the traveling fees when the distance is over three miles, as therein prescribed; on this basis the charge of the witness from Scotland, and of any other of the witnesses, might be allowed, had the affidavit been sufficient. (*Wheeler* agt. *Lozee*, 12 *How. R.*, 448, *and cases.*)

A witness traveling from another state to be examined here, is entitled to his traveling fees from the boundary

line within the state to the place of trial, the distance to be estimated by the nearest usual travelled route. (*Wheeler* agt. *Lozee*, 12 *How. R.*, 448.)

I am inclined to think that if the fees of witnesses are regulated by the law of the country in which a commission is executed, and the attendance cannot be procured without payment of such fees, that should form the rule of allowance here. The case is not so before me as that I can pass upon the question.

III. There can be no ground for allowing the charges of the solicitor employed abroad. Had the attorney on record been present, he could have got nothing specifically for the services. An allowance has been made in this case. Expenditures of this description must be borne by the party himself, as he bears counsel fees.

The taxation must be readjusted, by allowing the commissioner's fees, £10 10s., disallowing the solicitor's charges for services, £11 9s. 8d., and also the £17 9s. for witnesses, but with liberty to the plaintiff to have the fees of witnesses adjusted upon the basis of the fee bill of our state, as before pointed out. Order for retaxation.