(21 Misc. Rep. 497.)

### DEYO v. MORSS et al.

(Supreme Court, Special Term, Albany County.    October, 1897.)

1. COSTS OF THE TERM—CONTINUANCE BY CONSENT.
    A prevailing party is entitled to costs of the terms other than that at which the cause was tried, under Code Civ. Proc. § 3251, subd. 3, allowing such costs where the cause "is necessarily on the calendar," though the cause was continued from term to term by consent.

2. SAME—ISSUE OF FACT.
    Where a case, in which defendant had filed an answer, was continued over several terms by consent, the trial fees for such terms should be the fees for the trial of an issue of fact, under Code Civ. Proc. § 964, providing that "an issue of law arises only upon a demurrer," and an issue of fact is created by answer.

Action by Edmund Deyo against Foster B. Morss and others. Motion for retaxation of costs.

Sidney Crowell, for the motion.
J. C. Tallmadge, opposed.

EDWARDS, J.    Under section 3251, subd. 3, Code Civ. Proc., the sole condition on which the prevailing party is entitled to costs of a term other than that at which the cause is tried, or otherwise finally disposed of, is that "the cause is necessarily on the calendar."    In this respect this section is unlike section 307 of the Code of Procedure, for which it is a substitute, and which was variously amended after its adoption.    The right of the successful party to the term fee is now made to depend upon the single fact that "the cause is necessarily on the calendar."    A cause is "necessarily on the calendar" when it is at issue and in readiness for trial.    Sipperly v. Warner, 9 How. Prac. 332.    There is no question that this cause was necessarily on the calendar for more than five terms, exclusive of the term at which it was tried; but the clerk, under the plaintiff's objection, refused to tax for such terms, except one, upon the ground that the cause had gone over such terms by the consent of the parties. This, I think, was error.    The plaintiff's proposition that the mere consent to the cause going over a term for which it was necessarily on the calendar will defeat the right of the successful party to costs for that term is untenable.    The statute contains no such provision, nor do I think that the proposition is sustained by the authorities cited by plaintiff's counsel.    In Hinman v. Bergen, 5 How. Prac. 245, the plaintiff claimed a fee for the term at which the cause was postponed at his request and for his accommodation, and for this reason the court held it should not be allowed.    This was under a provision of section 307 of the Code which allowed to the successful party a term fee "for every circuit at which the cause is necessarily on the calendar and is not reached, or is postponed."    In Gay v. Seibold, 3 Civ. Proc. R. 169, the allowance of term fees was refused for the reason that the cause had gone over the terms for which fees were sought to be taxed at the request of the successful party. In Carroll v. Watters, 10 Civ. Proc. R. 6, no opinion is written. There the cause had not gone over the terms for which fees were claimed by consent of parties and for their mutual convenience.

Under the provisions of the former Code, it was held that the postponement of a cause by the consent of parties and for their mutual convenience was not a waiver by the successful party of his right to a fee for the term at which it was postponed.    Fisher v. Hunter, 15 How. Prac. 156.    Whether or not, under the present statute, a prevailing party may lose his right to fees for a term at which the cause was postponed at his request and for his benefit, upon consent of the other party, it is not here necessary to determine.    However that may be, I do not think such right is waived where the cause goes over the term by mutual consent, for mutual convenience. There appear to have been five terms at which this cause was necessarily on the calendar, exclusive of the term at which it was tried, and not including February, 1891, when it was not at issue as to defendant Morss, nor February, 1893, when it went over by stipulation to amend pleadings, and for these five terms the defendants are entitled to costs.

I think the clerk also erred in refusing to allow to defendants a fee for the trial of an issue of fact, instead of an issue of law.    "An

issue of law arises only upon a demurrer." Code Civ. Proc. § 964. There was no demurrer interposed in this action. Upon the defendants' answers, an issue of fact was created. Id. This was the issue which was tried by the court. The stipulation made by counsel did not change it into an issue of law. The same motion which was made before the court under the stipulation could have been made without the stipulation when the cause was reached, upon the usual notice of trial. If so made and granted, the defendants would clearly have been entitled to an allowance for a trial of an issue of fact. If denied, an issue of fact would still have to be tried, and, unless some arrangement had been made by counsel, such trial would have to be proceeded with at that term. I think that the object and effect of the stipulation was, in view of the uncertainty of the decision of the motion, simply to postpone the cause until another term, in case the motion should be denied, and relieve the parties from any unnecessary expense of procuring witnesses in case the motion should be granted. Each of the defendants should be allowed for five term fees, and for the fee for the trial of an issue of fact, instead of an issue of law. An order should be entered to that effect, with $10 costs of this motion to the defendant Burton G. Morss.

Ordered accordingly.