(64 App. Div. 581.)

## CRIM v. DRAIN.

(Supreme Court, Appellate Division, Fourth Department. September Term, 1901.)

PROCEDURE—TRIAL—POSTPONEMENT—TERM FEES.

 Where an order granting plaintiff's motion to postpone trial provided that the defendant might notice the cause for trial for any of the regular terms for session without a jury held on the first Monday of each month, and have the same tried thereat either to the court or to a jury drawn from a special box, as the defendant might elect or the court direct, and in pursuance of this provision both parties noticed the cause for trial at the next term of court, when it was postponed on the application of plaintiff, and noticed by both parties for trial at the next term, at which term the court decided that there was no authority for summoning a jury at that time, and, declining to deprive plaintiff of a jury trial, made a further postponement, defendant was entitled to term fees for both of the terms at which the cause was postponed.

Appeal from Herkimer county court.

Action by Dewitt D. Crim against John Drain. From an order disallowing two items, of $10 each, for term fees, for the terms appointed to be held in March and April, 1901, respectively, which had been taxed by the clerk in favor of defendant, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Myron G. Bonner, for appellant.

J. A. Evans, for respondent.

SPRING, J. This action originated in justice's court, resulting in an affirmative judgment for the defendant on the counterclaim interposed in the answer. An appeal for new trial to the county court was taken by the plaintiff in May, 1898, and the cause was thereafter on the calendar for each term following until May, 1901, when it was tried, the defendant again recovering upon his counterclaim. The regular jury terms of the county court of Herkimer county are held in May and December of each year. There is also a regular term of that court on the first Monday of each month for a session without

a jury. This case was regularly noticed for trial by both parties for the December term, 1900, and was upon the calendar for that term. On the 21st of January, 1901, the plaintiff made a motion to postpone the trial on the ground that the plaintiff was ill, and unable to be present in court. This motion was granted upon terms, and the order contained this additional provision:

"And also upon the further condition that the defendant may notice the same for trial for any of the regular terms of this court held on the first Monday of each month, and have the same tried thereat either before the court without a jury or before a jury to be drawn from the so-called 'Herkimer,' or third, box, as the defendant may elect or the court direct."

In obedience to this last condition, both parties duly noticed the case for trial for the regular monthly term which convened March 4, 1901. The defendant attended with his witnesses, ready for trial, and upon the application of the plaintiff the trial was postponed until the regular monthly term appointed to be held April 1, 1901. The cause was again noticed by both parties for trial at that term, and they were in attendance, ready for trial, when, upon the motion of the court, the trial was fixed for April 10th, and the jury drawn from the third, or Herkimer, box to try the cause. On April 1st the defendant's counsel offered to try the case before the court without a jury, which the plaintiff's counsel declined to do, and thereupon defendant made a motion that the issues be heard before a referee, which was denied at the instance of the plaintiff. On the 8th of April the county judge advised the managing clerk of the defendant's counsel that the case would not be tried on the day fixed, as he knew of no authority for summoning a jury for that time, and neither party appeared on the said day. The order providing for a trial without a jury at the election of the defendant or pursuant to the direction of the court continued operative at least until the court declined in April to deprive the plaintiff of a jury trial. With that order unrevoked, both parties noticed the cause for trial for the March and April terms. Each recognized those terms as proper for the trial of the cause, and regular in every respect, and we must assume, if important, that there was a calendar of the court for those months, as the affidavit of the defendant states the cause was "necessarily upon the calendar for trial" at the March term and the April term, 1901. It is of no moment that the county judge eventually declined to proceed with the trial on the 10th day of April. The term was fixed for April 1st, recognized as regular by both parties, and, whatever may have become of it thereafter, the case was on the calendar pursuant to the notice of both parties, and was not tried. Again, while the plaintiff applied for a postponement of the case at the March term, by reason of his illness, there was no suggestion of any irregularity in the term, nor did he then insist that the case must be tried by a jury. We conclude, therefore, that the defendant was entitled to term fees for the March and April terms. The order should accordingly be reversed, with $10 costs and disbursements of this appeal, and the motion for retaxation of costs should be denied.

So ordered. All concur.