ant was an adult.  The infant not being before the court, the court had no jurisdiction to make the order requiring the infant to pay this sum of money to the receiver, and there was therefore no foundation for an application to punish the infant for a contempt in refusing to obey the order.  If the order directing the infant to pay this sum of money was before the court for review, I do not think it could be sustained.  The complaint alleges the sale of the copartnership property by the infant and the receipt of that sum, and the relief demanded in the complaint is the recovery of that sum from the infant.  Each partner was vested with the title to the firm property, and the sale by one copartner of a portion of the firm property and the receipt of the proceeds of the sale was not a conversion of the property; nor was the other partner entitled as a matter of right to compel his copartner to turn over to him the firm property in his hands.  When a receiver was appointed, the receiver was entitled to all the firm property in the hands of either copartner; but no order could be made requiring one partner to turn over property of the firm until it appeared that that property was in the possession of one of the partners.  The fact that a partner had received property or money of the firm, and had disposed of it or spent it, would not justify the court, before final judgment, in ordering him to return or repay it to the receiver, and enforce such an order by contempt proceedings.  The equities are to be settled on the accounting, and the amount due from one copartner to another is to be determined by the final judgment, which must be enforced by execution.  There was no evidence before the court, when this order was granted, that any property of the copartnership was in the actual possession of the defendant, and no order, therefore, requiring the defendant to turn this property over to the receiver, was proper.  But, as the court was without jurisdiction to grant any order against the defendant until he appeared by guardian ad litem, the order could not be the basis of a proceeding to punish the defendant for contempt.

The order appealed from must therefore be reversed, with $10 costs, and the motion denied, with $10 costs.  All concur.

---

### VALK et al. v. ERIE R. CO.

(Supreme Court, Appellate Division, First Department.  November 6, 1908.)

1. COSTS (§ 185*)—WITNESSES' MILEAGE—ALLOWANCE.
    Defendant was not entitled to tax mileage of his witnesses upon the possibility that defendant might be called upon to pay it, where the witnesses traveled on passes issued by defendant and demanded no mileage.
    [Ed. Note.—For other cases, see Costs, Dec. Dig. § 185.*]

2. COSTS (§ 154*)—COMMISSIONER'S FEES—ALLOWANCE IMPROPER.
    It was improper to tax commissioner's fees as costs, where no order appointing a commissioner was made, but by consent depositions were taken in the office of defendant's attorneys; a notary public in such attorneys' employ administering the oaths to the witnesses, but doing nothing else, and where each attorney had his own stenographer present, who took down the testimony, which was not signed by the witnesses, and no agree-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment was made as to the payment of the stenographers' fees; the notaries being in no sense commissioners.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 602; Dec. Dig. § 154.*]

3. Costs (§ 174*)—Disbursements—Notaries' Fees—Reasonableness.
$23.20 was an unreasonable allowance to notaries for administering oaths to witnesses.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 174.*]

Appeal from Special Term.

Action by Edward Valk and others against the Erie Railroad Company. From an order reviewing taxation of costs, all parties appeal. Order affirmed as to defendant's appeal, reversed as to plaintiffs' appeal, and item disallowed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Stanley H. Molleson, for plaintiffs.
Ogden L. Mills, for defendant.

SCOTT, J. Both parties appeal from an order made upon review of the clerk's taxation of costs. The defendant appeals from so much of the order as disallows the mileage of eight witnesses summoned to the city of New York from Buffalo, and the plaintiffs appeal from so much of the order as denied their motion to strike from the bill of costs a sum allowed for commissioner's fees.

The action involved transactions in Buffalo, and required the attendance of witnesses from that city. The defendant sought to tax mileage, at the rate of $33.84 each, for eight witnesses. A majority of these witnesses either now are, or recently have been, in defendant's employ, while another is in the employ of a lessee of defendant. The other two are in the employ of other railroad companies. It is conceded that all of these witnesses traveled on free passes issued by defendant, and that defendant has paid no mileage or other sum to any of them, and that no demand therefor has been made. The only plea by which the allowance is sought to be enforced is that perhaps the defendant may hereafter be called upon to pay the mileage. The improbability of such a demand, unless the defendant shall invite it·in order to mulct the plaintiffs, is obvious. This item was properly disallowed.

The court should, however, have gone further, and have stricken out the sum allowed for commissioner's fees. No order appointing a commission was made, but by consent the depositions of certain witnesses were taken in the office of defendant's attorneys. A notary public in the employ of such attorneys administered the oaths to the witnesses, but did nothing else. Each attorney had his own stenographer present, who took down the testimony, which was not signed by the witnesses. No agreement was made as to the payment of the stenographers' fees. For the fees of the notaries who administered the oaths to the witnesses the sum of $23.20 has been allowed. It should have been disallowed. The notaries were in no sense commis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sioners, and, even if they are to be so considered, section 3256 of the Code of Civil Procedure provides that they shall be entitled to "reasonable compensation." For the services they performed the allowance was unreasonable.

The order so far as appealed from by the defendant is affirmed, and so far as appealed from by the plaintiff is reversed, and the item of $23.20 is disallowed, with $10 costs and disbursements to the plaintiff appellant. All concur.

---

### McBRIDE v. ILLINOIS NAT. BANK.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. BANKS AND BANKING (§ 278*)—NATIONAL BANKS—ATTACHMENT—VALIDITY.
    Under Rev. St. U. S. § 5242 (U. S. Comp. St. 1901, p. 3517), attachment can not issue against a national bank in a state, county, or municipal court prior to judgment.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1068; Dec. Dig. § 278.*]

2. ATTACHMENT (§ 241*)—VACATION.
    Under Rev. St. U. S. § 5242 (U. S. Comp. St. 1901, p. 3517), prohibiting issuance of attachment against a national bank by a state, county, or municipal court before judgment, a national bank against which attachment issued in the New York Supreme Court could move to vacate, though issue had been joined, since, under Code Civ. Proc. N. Y., § 682, such motion could be made at any time before appropriation of the attached property or the proceeds thereof to a judgment recovered in the action.
    [Ed. Note.—For other cases, see Attachment, Cent. Dig. § 831; Dec. Dig. § 241.*]

Appeal from Special Term, New York County.