MARTÍNEZ *v.* PAGÁN, LÓPEZ & CO.

APPEAL from the District Court of Mayagüez.

MOTION for approval of a memorandum of costs.

No. 615.—Decided May 19, 1911.

COSTS—CONSTRUCTION OF LAWS OF COSTS.—The right to costs is to be regarded as wholly of statutory origin. To claim costs in legal actions, a statute upon which to base the claim must exist. Provisions of law relative to costs must be strictly construed.

COSTS AND ATTORNEY'S FEES IN SUPREME COURT.—There is no law in force in Porto Rico expressly providing that costs, including attorney's fees, in appeals heard by the Supreme Court may be recovered.

COSTS AND ATTORNEY'S FEES IN DISTRICT AND MUNICIPAL COURTS.—In accordance with the law in force, on deciding an appeal the Supreme Court has power to tax the costs, including attorney's fees, that originate in the prosecution of the suit in the district court and in the municipal court, in a proper case, if the subject matter exceeds $500.

The facts are stated in the opinion.

*Messrs. N. B. K. Pettingill* and *Fernando Vázquez* for petitioner.

*Mr. Pascasio Fajardo* for the adverse party.

MR. JUSTICE DEL TORO delivered the opinion of the court.

A judgment having been rendered in this case by this Supreme Court, the plaintiff and appellant presented a motion for taxation of costs which was accompanied by "a memorandum of the fees earned by counsel for the plaintiff in the Supreme Court, and other expenses."

This Supreme Court, upon deciding the appeal taken, and in accordance with the law, proceeded to render the judgment which it thought should have been rendered by the court below and imposed the costs incurred in the lower court on the defendant and respondent. Such being the case, it is evident that the fees of appellant's counsel for services rendered in this Supreme Court cannot be included in the costs taxed, and that therefore the motion presented by the plaintiff and appellant should be denied.

This Supreme Court has already given its opinion as to this matter in the case of *Vázquez* v. *Vázquez*, decided May 20, 1909, in the following manner:

"* * * and the one item of fees in this court must be disallowed for the additional reason that there was no authority to impose it. No one except this court naturally has such right, and it could only have it by direct provision of law. The opposite principle seems to be established by section 8 of the Code of Civil Procedure when it prohibits the Supreme Court from imposing by its rules any tax or charge upon any legal proceeding. The order must be reversed and the case remanded with instructions to disallow the bill of costs." (*Vázquez et al.* v. *Vázquez et al.*, 15 P. R., 276.)

"The right to costs is to be regarded as wholly of statutory origin: *Supervisors, etc.* v. *Briggs*, 3 Denio, 173; *State* v. *Kinns*, 41 N. H., 238. In legal actions, unless the party claiming costs can show a statute in his favor, he must fail: *Stoddard* v. *Clark*, 9 Abb. Pr., N. S., 310; *Kilburn* v. *Lowe*, 37 Hun., 237, 240; *Dow* v. *Updike*, 11 Neb., 95, 98; *Jeffrey* v. *Hursh*, 58 Mich., 246, 258; questions

affecting their recovery arise mainly under the statutory provisions existing in reference thereto: See *Fisher* v. *Hunter*, 15 How. Pr., 156; *Burnett* v. *Westfall*, 15 Id., 420; *Scudder* v. *Gori*, 28 Id., 155; S. C., 18 Abb. Pr., 207. And such provisions are to be construed strictly: *Shed* v. *Railroad Co.*, 67 Mo., 687; *Crofut* v. *Brandt*, 58 N. Y., 108; *Stanton County* v. *Madison County*, 10 Neb., 308.'' (88 American Decisions, 181.)

There exists no law in force in Porto Rico which expressly provides that costs, including attorney's fees originating in appeals which are heard and decided by the Supreme Court, may be recovered.

When the present Code of Civil Procedure became effective in Porto Rico the question of the amount, as well as the manner of satisfying attorney's fees, was left entirely to the expressed or implied agreement of the parties who were entitled to costs and disbursements in accordance with said code.

Subsequently, in 1908, said provision was modified, and it was provided that in all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds $500, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services. But, in the opinion of this Supreme Court, this modification refers only to those suits and proceedings which have been prosecuted in and decided by courts of original jurisdiction.

It is true that this Supreme Court may tax costs, and that in accordance with the law in force said costs must be understood to include the attorney's fees; but said costs are only those which might be incurred in the district courts and, in a proper case, in the municipal courts, as inferred from section 340 of the Code of Civil Procedure, which establishes with full precision the procedure to be followed to recover costs taxed by the Supreme Court.          *Motion denied.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.