A. E. NETTLETON COMPANY, Plaintiff, *v.* CHARLES F. STORY, Defendant.

Supreme Court, Onondaga County, July, 1923.

**Costs — retaxation — statutory regulation — attorney's traveling expenses — term fees.**

Taxable costs and disbursements are entirely regulated by statute.

An attorney cannot tax as costs or disbursements railroad fare and hotel expenses incurred by him in attending the taking of depositions.

Term fees are properly taxable when the case has been regularly upon the calendar for the terms claimed regardless of the fact that the party taxing the fees postponed the trial of the case from time to time.

MOTION for retaxation of costs under section 1536 of the Civil Practice Act.

*Bond, Schoeneck & King* (*E. D. L. Robertson*, of counsel), for plaintiff.

*Estabrook & Estabrook* (*W. H. Harding*, of counsel), for defendant.

CHENEY, J. Defendant makes this motion to review a retaxation of costs made by the taxing officer. Defendant appeared on the retaxation and filed written objections to certain items of the bill of costs. Some of the objections were allowed by the taxing officer and some were disallowed. No claim is made for a review of the objections which were allowed and they will not be considered here.

The first objection urged is to the allowance of the item "attending and taking deposition, $185.30." It appears from the proof that this item includes the expense of the plaintiff's and defendant's attorneys in going to and from Cleveland, O., where depositions were taken, and while staying in that city. The amount of the expense of defendant's attorneys, $65, included therein was paid

by plaintiff pursuant to the terms of the order providing for the issuance of the commission. Plaintiff, desiring to take the testimony of these witnesses by oral examination, moved in the first instance for an order instead of proceeding by notice (Civ. Prac. Act, § 292), and the court in granting the order, as provided by section 294 of the Civil Practice Act, imposed this condition: " that the plaintiff shall pay to one of defendant's counsel the necessary traveling and hotel expenses incurred by reason of his attending the taking of said depositions at the City of Cleveland, Ohio." This order followed the former practice under the Code of Civil Procedure (*Gowans* v. *Jobbins,* 91 N. Y. Supp. 842), and as the court undoubtedly had the power to require the examination to be made upon written interrogatories (Civ. Prac. Act, § 302), it probably had power to require the payment of these expenses as a condition of the order granting the open commission. But that question is not here. The plaintiff did not appeal from the order, but accepted it subject to the condition, and cannot now tax as a disbursement in the action the amount paid by it to obtain the favor.

In regard to the balance of the item, the railroad fare and hotel bills of plaintiff's attorney in attending the taking of this deposition, a different question arises. There is no question but that the recovery of costs and disbursements is entirely regulated by statute, and unless there is a statute authorizing the particular item, it cannot be taxed. *E. L. A. Society* v. *Hughes,* 125 N. Y. 106. It cannot be taxed as costs, as that is provided by section 1504 of the Civil Practice Act: " h. For taking the deposition in a court of record of a witness,  *  *  * ten dollars," and that sum is already included in the bill of costs, as retaxed. If considered as a disbursement it must be authorized by section 1518 of the Civil Practice Act, where the allowable disbursements are scheduled. The only direct reference to expenses of commissions to take testimony (subd. 2) does not apply. It might well be said that the application of the maxim *expressio unius est exclusio alterius* would require the holding that the inclusion in the schedule of allowable disbursements of the compensation of commissioners would preclude the allowing of any further disbursements in the same manner by reason of the general clause, but it is not necessary to put the decision upon that ground. If allowed at all it must be included in subdivision 10: " Such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law." There is no express provision of law which is applicable and recourse must be had to the course and practice of the court. That is to be determined by the knowledge of the court of its own practice, as illumined by adjudicated cases. As stated

by the court in *E. L. A. Society* v. *Hughes, supra,* at page 109: " The sums disbursed by solicitors and attorneys for stationery, blanks, for traveling and tavern expenses, and for many other purposes, are necessary, and yet it has never been supposed that under the general language above quoted [actual disbursements of a solicitor or attorney in cases not therein specified] such items were taxable as disbursements." If the traveling expenses of an attorney in attending a trial within the state are not taxable, and I know of no case where that was claimed, what reason can be given for allowing those expenses when the travel extends out of the state to obtain testimony for use at the trial?

The course and practice of the court has always been to require a distinct statutory authority for a taxable disbursement. Under the law as it existed prior to the Code of Procedure it was held that the expenses of executing a commission to examine witnesses was not an allowable disbursement. *Kenney* v. *Vanhorne,* 2 Johns. 107. The Code of Procedure repealed all laws establishing or regulating costs or fees of attorneys, but provided for the allowance of certain sums as costs by way of indemnity to the prevailing party for his expenses in the action, and also the " necessary disbursements and fees of officers allowed by law," including the compensation of referees and the expense of printing the papers upon an appeal. Code of Procedure, §§ 303, 311. Under this statute it was held that the money paid to a commissioner to take testimony in another state could not be allowed. *Perry* v. *Griffin,* 7 How. Pr. 263. A contrary result was reached in *Finch* v. *Calvert,* 13 How. Pr. 13, where those sections of the Code were construed to allow all actual necessary disbursements, including in that case the necessary expenses of executing a commission in a foreign state. That decision was made in 1856, and at the very next session of the legislature section 311 was amended so as to read: " the necessary disbursements, including the fee of officers allowed by law, the fees of witnesses, the reasonable compensation of commissioners in taking depositions, the fees of referees and the expenses of printing the papers for any hearing when required by a rule of the court." This very much weakened the authority of *Finch* v. *Calvert, supra,* in determining the legislative intent to be to indemnify the successful party for all necessary disbursements in the action, by expressly enumerating what disbursements could be allowed, and in the case of commissions to take testimony limiting the taxable disbursements to " reasonable compensation of commissioners."

This view of the effect of the amendment was reflected in the subsequent case of *Dunham* v. *Sherman,* 19 How. Pr. 572, where the compensation of the commissioner was allowed, but the charges

paid to a solicitor in the foreign state for attending the execution of the commission were disallowed.

There is nothing in the case of *Simpson* v. *Rowan,* 13 Civ. Pro. Rep. 206, by which it can be determined whether anything further was allowed than the actual compensation of the commissioner. In *Reichel* v. *N. Y. C. R. R. Co.,* 18 Civ. Pro. Rep. 248, the effort was made to limit the compensation of the commissioner, who under the law under which the testimony was taken, as it then existed was termed a " referee," to the fees allowed by another section of the Code to referees; but the court held that he was in effect a commissioner to take testimony, and that the prevailing party was entitled to tax his reasonable compensation, which included his expenses in traveling to the place where the testimony was taken. The only other case which I have been able to discover is *Pyne* v. *National S. S. Co., Ltd.,* 18 N. Y. Supp. 166. There the only sum allowed was the compensation paid the commissioner.

As no authority can be found for the taxation of this item, it must be disallowed.

The objection to the term fees is based upon the allegation that the case was postponed at each of the terms upon the application of the plaintiff. It also appears that the reason for asking a postponement was that the testimony by deposition had not been taken or returned. No question is made but that the case was regularly upon the calendar for the terms claimed. When a case is at issue it must necessarily go on the calendar for trial, and by force of the statute it appears upon the calendars of subsequent terms until disposed of. That apparently is all that is required to entitle the prevailing party to the term fee. Civ. Prac. Act, § 1504; *Crim* v. *Drain,* 64 App. Div. 581; *Deyo* v. *Morss,* 21 Misc. Rep. 497. The case of *Hinman* v. *Bergen,* 5 How. Pr. 245, cannot be considered an authority to the contrary. It was decided with reference to the language of the Code of Procedure, which is materially different from the Civil Practice Act, and the reasoning of the opinion shows that the result was reached for the reason that the Code expressly gives those sums as an indemnity to the prevailing party, and if the postponement was upon his request, he suffered no loss for which he was entitled to indemnity. No such language now appears in the Civil Practice Act. The objection to the term fees is overruled.

Objection is made to the fee of $500 paid to the commissioner for taking the depositions. The statute (Civ. Prac. Act, § 1518) provides that the party to whom costs are awarded in an action is entitled to include his necessary disbursements as therein enumerated including " the reasonable compensation of commissioners

taking depositions." It will be observed that the test of the amount to be allowed is not the sum actually paid to the commissioner, but such a sum as shall be judicially determined as reasonable. *Valk* v. *Erie R. R. Co.*, 128 App. Div. 470. There is no dispute but that the sum claimed was actually paid by plaintiff, but in determining the question whether he is entitled to charge that sum against his opponent in the bill of costs, the court must consider the duty and responsibility which was imposed upon the commissioner and the actual amount of time spent by him and the labor actually performed. The statute under which the deposition was taken provides that the commissioner must be a judicial officer, a notary public or attorney at law, that the commissioner shall administer the oath to the witnesses, and take down or cause to be taken down every question and answer in the examination. Civ. Prac. Act, §§ 301, 302. By the rules it is provided that the commissioner shall be furnished with a copy of the statute and the rules applicable, that the examination shall be conducted in the same manner as a trial, except that the commissioner does not pass upon objections made; the testimony when written out must be read to the witness and signed by him; the commissioner must authenticate each exhibit produced, and must sign each single sheet of the deposition, attach all papers together, annex his certificate of compliance with the formalities, and return the same by mail or in the manner directed therein. Rules of Civil Practice, 127, 128, 129, 130. While the services require care, they are not of such a character as call for the exercise of a high order of intelligence.

It appears from the proof filed before the taxing officer that the actual taking of testimony before the commissioner consumed three days, during one of which the session was continued into the evening; the testimony was actually taken and written out by a stenographer, and amounted to 314 pages, and some time was spent by the commissioner in familiarizing himself with the law and in supervising the subpœnaing of witnesses, and in preparing and returning the depositions. A large number of exhibits were produced during the taking of the testimony and marked for identification by the commissioner, but by stipulation of the parties, they were retained by counsel and not attached to the commission, and by a similar stipulation, the reading of the testimony to the witnesses and their signature thereto was waived. In his bill the commissioner only claims to have spent five days in the performance of his duties.

The legislature has not defined the phrase " reasonable compensation," but it is significant that in the same portion of the act

relating to costs generally, it is provided that the fees of a referee to hear and determine an action, who exercises the same function as the judge, are fixed at $10 per day. Civ. Prac. Act, § 1545. That may be accepted, perhaps, as the legislative concept of reasonable compensation for such services generally, although the fact is recognized that in exceptional cases that would be inadequate, and permission is given to the parties by agreement to fix a higher rate. The compensation claimed here is at the rate of $100 for each day of employment, two of which were in the merely clerical work of preparing and transmitting the deposition, the great bulk of which work was done by the stenographer and for which he was paid. It is manifest that this is not a reasonable compensation for the character of the work performed, and this item will be allowed at $100 only. No complaint is made as to the disbursements made by the commissioner, and they will be allowed.

The remaining objection is to the fees paid the stenographer at the taking of the deposition. The rule is that the fees of a stenographer in a proceeding such as this are not taxable, unless rendered with the consent of the parties sought to be charged. *Van Valkenburgh* v. *Bishop;* 164 N. Y. Supp. 86. While it does not appear positively in the proof that defendant consented to that employment, the circumstances are such that consent may be fairly inferred, and no objection is made upon that ground, the only question being as to the amount of the fee paid. There is no dispute that the amount claimed was paid. The stenographer took the minutes, transcribed them and furnished one copy to the commissioner, which was used by him in making his return. An extra copy was furnished to each party. Defendant paid for his copy, and the plaintiff included the cost of his copy in the bill of costs as taxed, but that amount was stricken out upon the retaxation, the amount allowed being the per diem charge for taking the minutes and the folio charge for the commissioner's copy, with certain incidental items of expense which are not questioned.

The stenographer was an official court stenographer at Cleveland, and there is no proof that the charge made by him was not at the rate prevailing there. It is true that the rate is larger per folio than that fixed by law in this state, and the per diem is larger than that for which competent service can be obtained in this judicial district, but I cannot say upon the proof before me that the charge is exorbitant and unreasonable.

The objection to this item is overruled.

An order may be prepared in accordance with the foregoing memorandum. If not agreed upon, settle on two days' notice.

Ordered accordingly.