Dakiel J. O’Hara, J.
Pursuant to an order of the court plaintiffs before trial examined the defendant in the City of Rochester, New York; the defendant at the time being a resident of the City of Chicago, State of Illinois. The court order which authorized the pretrial examination of the defendant provided that the defendant’s railroad fare from Chicago to Rochester was to be paid by the plaintiffs. The plaintiffs obtained a judgment against the defendant as the result of the trial of the issues, and they have included in their bill of costs and disbursements an item of $105.77 which represents the railroad fare in connection with the pretrial examination of the defendant. The defendant now seeks to have the said item disallowed.
*96 Allowable disbursements are statutory and are set forth in ■section 1518 of the Civil Practice Act. The item of disbursement in question is not included in section 1518 and therefore must be disallowed, unless it can be said that it comes within the contemplation of subdivision numbered 10 of section 1518 which reads as follows:
“ Such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law.”
There is no express provision of law authorizing the contested disbursement in question, and this court holds that the disbursement is not taxable according to the course and practice of this court. It is felt that this determination is amply supported by the decisions in Equitable Life Assur. Soc. v. Hughes (125 N. Y. 106) and Nettleton Co. v. Story (121 Misc. 258).
Defendant’s motion is granted without costs and the claimed item of disbursement in question is disallowed.
Submit order accordingly.